The opinion of the court, which states fully all the facts material to the case, and the points of law arising upon them, was delivered by
Tilghman, C. J.
This is an action brought by the “ The Marietta and Susquehanna Trading Company,” against Daniel Sterling, the plaintiff in error, on a promissory note, for 1350 dollars, dated June 16tb, 1814, drawn by Wait S. Skinner, payable to t}ie said Daniel Sterling, or order, at Henry CasseVs banking house, one hundred and seventeen days after date, and indorsed by the said Sterling and Christian Shirk. This note was regularly protested for non-payment, of which notice was given to the indorsers. On the 25th February, 1815, Isaac Osterhauk Charles Otis, and John Buckingham, gave their bond to Wait S. Skinner, (on which judgment was afterwards confessed in the *180 Court of Common Pleas of Luzerne county,) for the use of Henry Cassel’s bank, at Marietta, for 1350 dollars, with interest to be paid on the 1st May, 1815. This bond was given expressly as a collateral security for the" note on which this suit was brought, and was assigned by the obligee to the Marietta and Susquehanna Trading Company, o.n the 15th July, 1819. Henry Cassel’s bank, and the Marietta and Susquehanna Trading Company, may be considered as one. In the month of June, 1814, Cassel’s bank ceased to do business, and the business was from that time carried on in the name of the Marietta and Susquehanna Trading Company, of which Cassel was President, until November, 1817. On the trial, in the'court below, the defendant (Sterling) offered in evidence, the depositions of Osterhauk, Otis, Buckingham, and Skinner, all of which were excepted to by the plaintiff, and rejected by the court, and in my opinion very properly. Osterhauk, Otis, and Buckingham, were interested in the event of this suit, having given their bond and judgment as a collateral security ; so that if a verdict and judgment had passed for the defendants, they would have been discharged from the judgment entered on their bond. Skinner was interested also, as drawer of the note. It was an accommodation note, and if the defendant had succeeded in this suit, Skinner would have been altogether discharged; so that his interest was immediate.
The defendant then offered in evidence, a receipt to Isaac Osterhauk, for 550 dollars, signed by Henry Cassel, to be deposited in the bank to the credit of Osterhauk. ' This was excepted to by the defendant, and rejected by the court. The reasons assigned for the-rejection, are, 1st. That Cassel did not sign his name as President of the Bank, and, 2d. That no notice of this receipt had been given to the plaintiff previous to the trial. Notice was not necessary. The defendant pleaded payment, and this evidence was directly in support of the issue on his part. Payment by Osterhauk would have been payment by the defendant. In fact, Osterhauk was the origiual debtor, and the noté now in suit, was given in lieu of one which had been given before, by Osterhauk, Besides, Osterhauk being one of the obligors, in the bond given as collateral security, a payment by him would, in that point of view, have been applicable towards satisfaction of the note in suit. Then, as to the objection, that Cassel did not sign'as President, it is not - a sufficient reason for rejecting the evidence, although it might not be conclusive against the bank. It was proved, that Cassel was the President when he signed the receipt, and there is a strong presumption, that the money went to the use of the bank. 1 will not say however, that the matter did not admit of explanation. The books of the-bank might throw light on it. If Osterhauk trusted to Cassel, in his private character, to deposit the money in the bank, and Cassel deceived him, it might be a reason why the bank should not be charged with it. All that is at present-decided, *181 is, that the receipt was evidence, and therefore there was error in the rejection of it.
Another error assigned in this case, is, that the court rejected the evidence offered by the defendant, of a conversation between 'Henry Cassel, and William Childs, respecting payments made on the note in suit. This evidence was rightly rejected. Cassel' is no party to the suit, and therefore his confessions are not evidenee. There are no particular circumstances in this case, to take it out of the general rule. If CasSel had received payment of part, and had.so declared, while the note was his property, and before he transferred it to the bank, there might be some reason for admitting these declarations as evidence against the bank, who claim through him. But that does not appear to have been the case. There is nothing like it on the record.
Three errors have been assigned also, in the charge of the court.
1. The defendant’s counsel requested the court to charge the jury, f ‘ that if they believed the note on which this suit is brought, was indorsed to Henry Cassel, before the plaintiffs were an organised body, and never indorsed by the said Henry Cassel to the plaintiffs, but that, the said note was put into their hands by him for collection, then the right of action remains in CaSsel, and the plaintiffs cannot recover.” But the court gave their opinion, that the plaintiffs might recover. There was no error in the opinion. The note was indorsed in blank. The plaintiffs are in the possession of it. Cassel makes no claim to it, nor is there any suggestion, that the plaintiffs came unfairly by it. When Cassel placed it in the bank, without his own indorsement, he thereby gave the bank the benefit of the indorsements which were on it. And even supposing he placed it in -bank for collection, yet as he did not withdraw it, after it was protested, the bank might support an action in its own name, though in that case, it would be accountable to Cássel, when the money was recovered.
2. The defendant next requested the court to charge, “that if the plaintiff took a bond for the payment of this note, from any other person, before this suit was brought, without the knowledge or consent of the defendant; and obtained judgment on the said bond, the defendant would be thereby discharged, and the jury should find in his favour.” But the court charged, that in such case, the plaintiff would be entitled to a verdict. The taking of a bond from a third person, was no more than a. collateral security for the money due on the note, and would be no discharge of the drawer or indorsers, unless so agreed. Why should it? Why might not the plaintiffs strengthen themselves, by additional security, without discharging the original debtors ? Such transactions are very frequent. All depends on the intent of the parties. If they agree that the drawer and indorsers shall be discharged, they will be discharged. But if it be not so agreed, the presumption is,' that it was not so intended, and they will still be held liable. The *182 proceeding to judgment on the bond taken as collateral security, would not alter the case The judgment would be of the same nature as the bond: that is to say, it would be but*collateral security for the debt due on the note.
3. The last question put to the court by the counsel for the defendant was as follows: “If the plaintiffs took a judgment bond, entered up the judgment, issued process upon it, gave time to the drawer of the note, {WaitS. Skinner,) without the defendant’s knowledge, and have delayed bringing suit against the defendant, (one of the indorsers of the said note,) for several years, by such arrangement, proceedings, and delay, the defendant is discharged.” On these points also, the opinion of the court below was against the defendant. I have said already, that the taking of a bond as a collateral security, and proceeding to judgment on it, is no discharge of the original debtor. Neither is the giving of time, in the manner it was here given, (that is to say, by forbearing to proceed to the recovery of the money by legal process,) a discharge, provided no time was given till after the note was protested. If the original time of payment had been enlarged without the .consent of the indorsers, they would have been discharged. But the money having been demanded, the note protested, and notice given to the indorsers, they are fixed, and the holder of the note may afterwards delay his suit as long as he' pleases, without injuring his security. By the notice to the indorsers, they are given to understand, that they are held liable, and nothing but payment will discharge them. The holder may sue all, or aqy of them. He may pursue one, and indulge the others, or he may indulge them all, and proceed at any time, against any of them, provided he keeps within the act of limitations.
The charge of the court, therefore, was in all respects correct. But, for'the error in rejecting the receipt of Henry Cassel, offered in evidence by the defendant, the judgment must be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.