## ELIAS v. TEILL AND EDGAR.

June 25, 1836.

*Rule to show cause why a new trial should not be granted.*

In an action by the indorsee of a promissory note against the drawer, the indorser is not a competent witness for the defendant to prove that the plaintiff constituted him (the indorser) his agent to receive payment of the note from the defendants, and that he did receive such payment.

THIS was a suit brought by Henry Elias (indorsee) against Teill & Edgar on a promissory note dated June 13, 1829, drawn by defendants in favour of David Dillinger, at four months, and by the latter indorsed to the plaintiff. The note was duly protested for non payment. Pleas, *non assumpserunt* and *payment*. On the trial the defendants offered the said David Dillinger as a witness, to prove that after the note became due, the plaintiff had constituted him (Dillinger) his agent to receive payment of the note for him, from the defendants, in trade—a gig; and that he (Dillinger) did receive the same. The competency of the witness was objected to by the plaintiff's counsel; but the judge who tried the cause overruled the objection, and the witness was sworn and testified. The verdict was for the defendants.

The plaintiff moved for a new trial; and assigned as a reason, that there was error in overruling the objection to the competency of Dillinger as a witness.

*Miles*, for the plaintiff, contended:

1. That the witness was interested in the event of the suit; that as indorser he stood in the relation of a surety for the drawers to the holder; that his testimony went to discharge the principal, thereby discharging himself; that the verdict for the defendants could be given in evidence in an action on the note by the holder against Dillinger the indorser, in bar to a recovery against him. 2. That before he could be examined to prove what was done by virtue of the alleged agency, that agency must be established by proof *aliunde*. He cited Rhodes *v.* Lentz, 3 *Watts's Rep.* 365, and cases therein cited.

[Elias v. Teill.]

*Arundel, contra,* contended :

1. That the witness was not interested ; his interest was equally balanced ; that the verdict could not be given in evidence in a suit against himself to prove payment, which must be established by other evidence ; that he was liable to the plaintiff for money had and received to his use.    2.    An agent is competent to prove his own authority to charge the principal.    He cited, Charrington *v.* Milner, *Peake's N. P. Rep.* 8 ; Humphreys *v.* Moxon, *Ibid.* 72 ; *Chitty on Bills* 400 ; 2 *Starkie on Evidence* 300 ; Cooper *v.* Davies, 1 *Esp. N. P. Rep.* 463 ; Barber *v.* Gingell, 3 *Esp. C.* 62.

*Miles,* in reply.

The question of interest must be confined to the instrument ; if the liability of the witness on that is discharged, it will not answer to substitute a liability of a different character.    Adams *v.* Lingard, *Peake* 118.    Charrington *v.* Milner was a *nisi prius* case ; and there lord Kenyon ruled the question, not on the objection now made, but upon the ground that by so ruling it, the principle that a party to a note shall not attack or deny its validity as to its creation or consideration, was not interfered with.    In Humphreys *v.* Moxon the same judge ruled the witness incompetent on another ground ; but intimated his opinion on this question in favour of the objection. *Chitty* and *Starkie* have carried these decisions into the text without attending to the objections made.    Pinkerton *v.* Adams, 2 *Esp. C.* 611 ; Buckland *v.* Tankard, 5 *T. Rep.* 578.    At all events Rhodes *v.* Lentz is obligatory.

The opinion of the Court was delivered by

PETTIT, *President* (after stating the facts).    If the only plea of the defendant were *payment,* the verdict upon the issue thus formed could be used as evidence in another action against the indorser, and would in such action be conclusive against the plaintiff.    The indorser could not then be a witness in the present suit, as his interest would be direct and immediate.    If, however, there were any other plea, with or without the plea of payment, the verdict in this action could not be so used, and the fact of payment would, in another suit, require other proof.    The indorser could then be a witness in the case at bar, as he would have no disqualifying interest.    Upon principle, the state of the pleadings would thus seem to furnish the cri-

I.—2 K

terion by which to admit or to reject the testimony of the indorser of a promissory note in an action by the indorsee against the maker. In Charrington *v.* Milner, *Peake's N. P. Rep.* 8, lord Kenyon admitted the indorser to prove payment, the brief report of the case not showing the state of the pleadings. In Humphreys *v.* Moxon, in the same book, *page* 72, his lordship, in a suit by the indorsee against the acceptor of a bill of exchange, thought the objection to the competency of the drawer to be a good one, where due notice had been given to him of the dishonour of the bill, inasmuch as by proving the bill paid he destroyed it, and would eventually discharge himself. But in Cooper *v.* Davies, 1 *Esp. N. P. Rep.* 463, which was an action on the case on a promissory note by the indorsee against the maker, where the plea was the *general issue,* the same learned judge, a few years afterwards (in 1795), overruled an objection to the competency of the indorser, and admitted him to prove payment of the note. *Chitty,* in his *Treatise on Bills, &c., page* 400, and *Starkie,* in his work on *Evidence, vol. 2, p.* 300, state the rule to be, that in an action against the maker of a note the indorser is a good witness to prove it paid. They both refer to Charrington *v.* Milner, *Peake's N. P. Rep.* 8.

In the case before us the pleas were *non assumpsit* and *payment.* If the test above intimated be correct, the witness was competent. If the decision of lord Kenyon, as recognised and adopted by *Chitty* and *Starkie,* has given a rule to the English courts, then by that rule the witness was properly received. Were the question an open one in Pennsylvania, this court might feel bound therefore to refuse to disturb the verdict.

But the point is found to have been at least twice determined by our supreme court, whose decisions furnish a rule different from that supposed to be a part of the English law. In Sterling *v.* The Marietta and Susquehannah Trading Company, 11 *Serg. & Rawle* 179, the action was brought by the defendant in error, the indorsee of a promissory note, against the plaintiff in error, the indorser, for whose accommodation the note had been drawn. The deposition of the drawer, one *Skinner,* was offered in evidence by the defendant and rejected by the court below. Chief Justice Tilghman, in delivering the opinion of the supreme court, says, " the deposition of Skinner was rejected very properly. Skinner was interested as drawer of the note. It was an accommodation note, and if the defendant had

[Elias v. Teill.]

succeeded in this suit, Skinner would have been altogether discharged, so that his interest was immediate." As drawer of an accommodation note, Skinner there stood in the same relation to Sterling the indorser, who was primarily liable, as Dillinger did to Teill in this suit. Though the question now submitted was not the main one in that cause, yet it was distinctly presented and distinctly decided. In Rhodes *v.* Lentz, 3 *Watts* 365, the action was for work and labour, but the case turned upon the question whether a particular payment was made on account of work and labour, or on account of a certain promissory note held by the plaintiff, and of which one of the defendants was the maker. The indorser of the note was offered to prove that the payment was made on account of the note. The court below admitted the witness. Upon a bill of exceptions, the supreme court reversed the judgment, and awarded a *venire de novo*. They held the indorser to be incompetent, upon the ground that by having the money appropriated to the note, and that appropriation sealed by a verdict of a jury and judgment of a court, which rendered it unalterable, the plaintiff's claim against the indorser would be thereby paid and satisfied.

The distinction as to the plea of payment, which, with the utmost deference to superior wisdom and authority, we have ventured to suggest, was not adverted to in either of the two cases just cited. As adjudications upon the very point, those cases are conclusive upon this court. It only remains for us to say, therefore, that the witness should have been rejected.

Rule absolute.