## WRIGHT vs. JOHNSON.

Where a *guaranty* was executed, whereby the guarantor engaged to be accountable to any one who would advance to A. B. any sum less than $200 at 9 or 12 months, and A. B. delivered the instrument to a creditor in payment of a *debt then due* for goods sold, amounting to $102, and in consideration of the engagement of the creditor to furnish him with more goods, and to advance cash, which advances were subsequently made, so that the whole indebtedness of A. B. exceeded $200, *it was held*, in an action against the guarantor, that the appropriation of the guaranty to the discharge of the *previous debt*, and the delivery of *goods* instead of *money* was a departure from the terms of the guaranty, and that the guarantor was not liable.

*It seems*, had the terms of the guaranty been strictly complied with in other respects, if a *credit* of 9 or 12 months had not been given, and that fact had not been averred and proved, that the action would have failed, although the suit against the guarantor was not brought until long after the expiration of the periods fixed for payment.

CASE of guaranty. One Nathan Stickney was the holder of a *contract* executed by the agent of a landholder for the sale of a small tract of land, which he surrendered to the agent and took a new contract from him, by which the agent agreed to convey the same lands, about 80 or 90 acres, to James Johnson, the defendant in this cause. On the 20th July, 1826, an agreement under seal was entered into by Johnson and Stickney, by which, after reciting the above facts, is was agreed that Johnson should furnish Stickney, as he might require, with the sum of $350 ; that Stickney should build a saw mill on the premises contracted to be conveyed to Johnson, and should pay the whole cost of 25 acres of the land, and the half of the cost or price of the residue, Johnson paying the other half. That when the land should thus be paid for, and the mill built. a deed should be executed to Stickney, and he and Johnson should be tenants in common of the property. Stickney being in possession of this agreement, Johnson, on the 13th October, 1826, made and signed an instrumont in writing, annexed to the said agreement, in these words : " To any gentleman. I know the annexed to be ample and good security for one hundred and fifty or two hundred dollars, and do here-

by agree to stand accountable for the payment of any sum of money short of two hundred dollars, for which Mr. Nathan Stickney may assign the same, at nine or twelve months.—— P. S. The said Stickney assigning the above or annexed as collateral security, for the payment of said money as aforesaid;" which instrument was delivered to Stickney. On the 30th January, 1827, Stickney being indebted to Wright, the plaintiff in this cause, in the sum of $102 for goods, wares and merchandise, before that time sold and delivered to him and to others at his request, and for money before that time advanced to him and to others at his request, and Wright agreeing to make further advances to Stickney in goods and cash, Stickney, in consideration of the premises, *delivered* the contract between him and Johnson, and Johnson's guaranty endorsed thereon to Wright, as *security for the account then due* and *thereafter to accrue,* and assigned the contract to Wright as collateral security " for any account now due, or hereafter (to be) contracted for." Relying upon the guaranty of Johnson, Wright furnished Stickney with further goods, and made further advances on his account up to the 30th March, 1828, at which time Stickney had become indebted to Wright in the further sum of $105 for such goods and advances, and for the amount of a promissory note against a third person, delivered up at the request of Stickney, making the whole of Stickney's indebtedness to be $207. In August term, 1829, Wright commenced an action of *assumpsit* against Johnson, and in his declaration set forth the above facts, averring *notice* of the premises to Johnson on the 30th March, 1828, and claiming the sum of $199$\frac{99}{100}$ as due from Johnson by virtue of the guaranty. The declaration also contained the *common counts* for goods sold, money lent and advanced, &c. To the special count the defendant demurred, and the plaintiff joined in demurrer.

*Greene C. Bronson,* (attorney-general) for the defendant. The instrument declared on is not a contract, but a mere proposition for an agreement, and according to the decision in *Tucker* v. *Wood,* 12 Johns. R. 190, is not the foundation of an action. To make the instrument obligatory upon the defend-

ant, the terms upon which he engaged to be accountable should have been strictly complied with, the defendant standing in the character of a *surety*. The object of the engagement was to induce the advance of *money* to Stickney, and not that it should be pledged for the payment of an old debt, or for merchandise to be advanced. Besides, a credit of 9 or 12 months was contemplated to be given to Stickney upon the advance to be made to him. Now although more than 12 months elapsed before the bringing of this suit, there is no averment in the declaration that any credit whatever was agreed to be given to Stickney for the advances made to him. 6 Cowen, 669. 3 Johns. R. 534. 5 Wendell, 253. 4 Wheaton, 225. Again; the contract between the defendant and Stickney was to be assigned as collateral security for the payment of the money to be advanced to Stickney; instead of which, it was assigned as security for an account then due and an indebtedness thereafter to accrue: it should have been assigned for a sum *certain*. The first notice that the defendant had that his offer to become the surety of Stickney had been accepted was in March, 1828, a period of 17 months after the offer was made. After such a lapse of time, he had a right to presume that his offer had not been accepted. A proposition for a contract must be accepted within a reasonable time, or the proposition is not open to acceptance. The plaintiff should in the first instance have resorted to his collateral security, a surety not being liable until the other remedies possessed by the creditor are exhausted, 5 Wendell, 88; and to charge the defendant, the plaintiff should have averred notice that Stickney had failed to pay. 1 Chitty, 319. 1 Saund. 33, n. 2.

*W. C. Noyes*, for the plaintiff. The credit stipulated for in the contract was a credit to the *defendant*, and not to Stickney, the defendant engaging to be accountable in 9 or 12 months for the payment of such sum short of $200, for which Stickney should assign the contract; an averment, therefore, that a credit upon the advances was given to Stickney, was wholly unnecessary, and as to the defendant, there is no pretence for the allegation that he had not the required credit. The

plaintiff having made advances to Stickney to the amount of $200 upon the strength of the defendant's guaranty, is entitled to maintain this action; the contract was with whomsoever should supply Stickney with funds, and the plaintiff having done so, although not named in the contract, may bring his suit. 5 Wendell, 558. The terms of the contract were substantially complied with; the defendant had engaged to furnish Stickney with $350, as he should from time to time require aid. To enable him to obtain funds, the defendant gives him the guaranty in question, on the strength of which he obtains goods himself, and has them furnished to others at his request, which, in the ordinary course of business, probably was as beneficial to Stickney as if money had been advanced to him. The contract also was assigned as collateral security, and although not a sum certain, the amount was easily rendered certain. The defendant being bound to advance $350 to Stickney, the loan made by the plaintiff may be considered as a loan to the defendant as principal. As to the time of acceptance of the defendant's offer to be accountable, it would have been good, and binding upon the defendant, if made at any time within the period specified for payment: here it was in fact made within 4 months; notice of the acceptance was not necessary: the offer on the one side, and the acceptance on the other, closed the contract. The plaintiff was not bound in the first instance to look to Stickney or to the collateral security for payment; the engagement of the defendant was absolute to pay by a specified day, and the requirement that the contract between himself and Stickney should be assigned, shews that he himself so considered it, and being thus absolutely bound, notice of non-payment by Stickney was not necessary. 5 Wendell, 499.

*By the Court*, NELSON, J. By the terms of the agreement, the defendant was surety or guarantor for Stickney for a loan of money to the extent of $200, to any person who would make the advance upon the terms mentioned in the agreement. It was said on the agreement that the defendant was the debtor of Stickney, and that the loan was to the defendant as principal, because, by the original agreement, he was

to advance $350 to Stickney.   But for aught that appears, he may have advanced that sum previous to giving the guaranty; and the fact of requiring Stickney's interest in the contract to be assigned as collateral security to the lender, as a condition upon which the defendant would be accountable, shews that the loan was Stickney's, and not the defendant's. Most clearly Stickney would be liable to the lender, and he could only be so as principal.

It has often been decided that *sureties* are bound only according to the strict letter or precise terms of their contract, 10 Johns. R. 180, 5 T. R. 370, 2 Taunt. 206, and are considered as favorites of the law.  Applying this principle to the declaration in this case, it is obviously defective.   The plaintiff has not complied with the terms of the agreement or guaranty in any one particular.   Instead of advancing *money* to Stickney, one of the conditions upon which the defendant agreed to become holden to pay, the plaintiff sets up an old account against him of $102, and an advance of goods, wares and merchandise for the residue of the consideration.   Another condition was a credit to Stickney upon the advance of the money for 9 and 12 months.   Even if the old account, and the subsequent sale of goods, were to be deemed money within the meaning of the guaranty, there is no averment in the declaration that any *credit* was given.   It is true that more than 12 months elapsed from the acceptance of the guaranty and the institution of this suit, but a voluntary delay on the part of the plaintiff is very different from an obligatory agreement to give credit for the 9 and 12 months.   In *Bacon* v. *Chesney*, 2 Com. L. R. 352, the defendant engaged to guarantee an amount of goods to be supplied to one Blair on reasonable terms, at 18 months credit, and the guarantor was not called on till after the 18 months. Lord Ellenborough said the claim against a surety is *strictissimi juris*, and it is incumbent on the plaintiff to shew that the terms of the guaranty have been stricly complied with.   If I engage to guarantee, provided 18 months credit be given, the party is not at liberty to give 12 months only, and after the expiration of six more, call upon me.

The case of *Glyn et al.* v. *Hertel*, 4 Com. L. R. 72, I consider decisive of this case.   There the defendant sent to the plain-

tiffs the following guaranty : " May 19, 1825. I am at this moment returned from Clifton, and the post is just going. I have only time to say that I will be answerable for the extent of £5000 for the use of the house of Spitt & Molting & Co." Upon the trial, it appeared that this guaranty was applied to the security of an account existing against the above house at the time it was given, and to recover which account this suit was brought on the guaranty, the house having failed. It was held that the guaranty contemplated *future loans*, and that the transaction did not amount to a loan of money so as to charge the defendant. Ch. J. Dallas, in giving the opinion of the court, recognizes the general rule as to sureties, that they can be liable only on the precise terms of their obligation, applying to it the strict construction of law, and says that the plain meaning of the thing, (the guaranty) and obvious course for the plaintiffs, would have been an advance of so much money, leaving past transactions as they were, to be liquidated and adjusted by other means. The facts, which are voluminous, disclose a much stronger case for the plaintiffs than the one under consideration. The reasons given by the judges for their decision in the case of *Piddock et al.* v. *Hinton et al.* 10 Com. L. R. 197, are applicable to this case.

There are other defects in the declaration, which I think are fatal, but I choose to put the decision upon the broad ground that here was not a compliance with the terms of the guaranty of the defendant, which upon well settled principles, discharges him.

Judgment for the defendant.