By the Court,
Bronson, J.
The defendant had an undoubted right to prescribe the terms, and to say in what manner, and under what circumstances he would become answerable for the contracts of Smith; and to the extent of his undertaking, when fairly construed, he is bound and no further. The question is not whether the conditions, by which he has thought proper to qualify his liability, were either reasonable or unreasonable; nor whether they could in any way prove beneficial to the defendant. He had a right to judge of that matter for himself, and we have no authority to review his judgment. He might say, I will guarantee the payment of such accounts as Smith may open, such bills as he may draw on a particular house, his sealed notes or his penal obligations; and there is no principle upon which he could be charged with the debt, in a case not 'falling within the qualification or condition which he thought proper to impose. The defendant has here said, I will guarantee the payment of Smith’s paper made payable at the U. S. Branch Bank of Washington; and for such paper, and such only, he is answerable. There is no dispute about the meaning of the contract. It related to paper which, on its face, should be made payable at the Branch Bank. The note given to the plaintiffs was not made payable at that or any other place. It was payable, or rather Smith was bound to pay it at the store of the plaintiffs in the city of New York, or wherever else the holder might happen to be when it came to maturity. It is of no legal moment that the paper was deposited in the bank before it fell due. The defendant could still say, the case does not come within the terms of my contract; I am-only answerable on paper made payable at the bank, and this note does not answer the description.
I do not put the case upon what has sometimes been said in the books, that the contract of a guarantor or surety can not be carried beyond [425] the strict letter of it. In this as well as in other cases, such a construction should be put upon the contract as will carry into effect the intention of the parties. The extent of obligation must be ascertained, by considering the language of the instrument and the nature of the transaction to which it relates. Commercial guaranties are in extensive use, and I can perceive no reason why they should not receive the same liberal construction for attaining the end which the parties had in view, as is given to other contracts (Douglas v. Reynolds, 7 Peters, 113; Hargreave v. Smee, 6 Bing. 244). But where there is no uncertainty upon the face of the instrument, or when in cases of doubt, we have ascertained the true meaning of the contract, the liability of a guarantor or surety can not be extended by implication or otherwise. The case must be brought strictly within the terms of the guaranty, when reasonably interpreted, or the guarantor will not be liable. The cases speak a uniform language on this subject (Walsh v. Bailie, 10 Johns. R. 180; Lanus v. Barker, id. 312; Wright v. Johnson, 8 Wendell, 512; Bacon v. Chesney, 1 Stark. N. P. R. 192; Bulkeley v. Lord, 2 id. 406; Combe v. Woolf, 8 Bing. 156; Myers v. Edge, 7 T. R. 250). In Bacon v. Chesney, Lord Ellenborough said, the claim as against a surety is strictissimi juris, and it is incumbent on the plaintiff to show that the terms of the guaranty have been strictly complied with. I have met with no case which sanctions a different doctrine.
In the case under consideration there is.no difficulty in ascertaining the true construction of the contract. The meaning is apparent on the face ot the instrument. The difficulty under which the plaintiffs labor is, that they do not bring themselves within the terms of the guaranty; they have no paper of Smith made payable at the IT. S. Branch Bank in Washington. We can not inquire whether it was in any way material to the defendant that it should *241 be made payable in that manner. It is enough that the plaintiffs do not make out a case in which the defendant agreed to respond.
The view which has been taken of the principal question renders it [426] unnecessary to inquire whether this was a continuing guaranty. I have considered the case as though this was the first dealing of Smith under the letter of credit, and without any reference to the lapse of time between the date of the guaranty and the giving of the note. •
Judgment affirmed.