By the Court, Bronson, J.
The terms of a guaranty must be strictly complied with, or the guarantor will not be bound. If he proposes a credit, that particular .credit must be given to the principal. It is not enough that the creditor waits until the *542 time has expired before he calls for payment. He must agree to wait, so that he cannot sue in the meantime. (Wright v. Johnson, 8 Wend. 512; Bacon v. Chesney, 1 Stark. Rep. 192; and see Dobbin v. Bradley, 17 Wend. 422.) If the note was out of the way, the fact that the plaintiff received the guaranty, delivered the property, and did not call for payment until the specified time had expired, would be a sufficient ground for presuming that he agreed to give the required credit. But the note takes away all ground for such an inference; and proves that the plaintiff did not give the specified credit to the principal. On the contrary, he made an agreement which obliged Johnson to pay at an earlier period. The fact that the credit was abridged only a few days, is not important. Cutting off a week is as fatal as though it had been a month. The defendant may have had special reasons for fixing on the first of January as the time for payment. But whether he had or not, it is fatal to the action that there has not been a compliance with the terms of the guaranty. The condition on which the defendant proposed to contract has not been accepted. (Dobbin v. Bradley, 17 Wend. 422; Birckhead v. Brown, 5 Hill, 634.) The objection cannot be got over.
But it is said that the plaintiff could recover under the money counts the five dollars which the defendant had collected on Johnson’s accounts, and consequently that the motion for a non-suit was properly overruled. There are two answers to this argument. The first is, that no such question appears to have been made on the trial. The defendant moved for a nonsuit on the ground that no action could be maintained upon the guaranty. That was the question which the judge decided, and the defendant excepted to his opinion. The plaintiff cannot take away the right of review by starting a question now, which was not made on the trial, about the. little sum of five dollars. The .effect would be to charge the defendant with the principal debt, for which he is not liable. The other answer is, that as to the five dollars thé defendant stands in the character of a trustee', and an action will not lie until after a demand of the money, or proof in some other way that there has been an *543 abuse of the trust. (Sears v. Patrick, 23 Wend. 528; Cooley v. Betts, 24 id. 203.) The case here is still worse; for the money was offered to the plaintiff and he refused to receive it.
This brings us back again to the defendant’s objection, which is fatal to the action. The circuit judge was evidently of that opinion; but he refused the nonsuit on the supposition that the question had been disposed of by us when the case was up before. I think this point could not have been distinctly made on the first trial. But if it was, we must have overlooked it. It certainly was not decided.
New trial granted.(a).

id) See Smith & Crittenden v. Dann, infra.