The principle that there must be a strict compliance with the terms of a guaranty or the surety will not be bound, is too well settled to be controverted at this *Page 477 
day. Where the surety proposes a particular credit to be given his principal, that must be given; and it is not enough that the creditor waits until the proposed time of credit has expired before he calls for payment. He must agree to wait, so that he cannot sue in the meantime. (Walrath v. Thompson, 6 Hill,
540; S.C., 2 Comstock, 185; Smith v. Dann, 6 Hill, 543;Wright v. Johnson, 8 Wend., 512; Dobbin v. Bradley, 17Wend., 422.)
Woodcock, on the 10th of September, 1841, made his order on Leeds Thayer, particularly specifying the various kinds and quantity of each kind of drugs, medicines, garden seeds, c., which he wished to purchase of them or procure them to supply him, and forwarded it to Leeds Thayer, with a guaranty of Perrine annexed; on the 15th day of the same month, the defendant, after reciting that fact substantially, and that credit for the amount was asked for the term of six months from the time of shipment of the goods, and that the payment of the order was guaranteed to Leeds Thayer by Dr. James Perrine of Mobile, thereby bound himself and agreed to be responsible, with Perrine, that the order of Woodcock should be paid by him at its maturity, that is at the expiration of six months' credit from the time of the shipment to be given by Leeds Thayer to Woodcock. The first question to be determined is, whether the plaintiff gave evidence enough to entitle him to have it submitted to the jury whether such credit was agreed to be given by Leeds Thayer to Woodcock on their furnishing him the goods ordered. If there had been no other evidence in respect to giving the credit proposed, than that Leeds Thayer received the order and contract of guaranty; furnished and forwarded the goods, and did not call for payment until the expiration of the six months from the time of shipment, the ground for presuming that they agreed to give the proposed credit would no doubt be sufficient. The guaranty by the defendant to pay for the goods specified in the order was indivisible and could not be apportioned by *Page 478 
Leeds Thayer at their option. They could not furnish Woodcock with the drugs at a credit of six months and the garden seeds at a credit of four months and hold the defendant liable upon his guaranty for the payment of either portion. It was a precedent condition to his liability that Leeds Thayer should furnish all the goods, which they did supply Woodcock with to fill the order, at the credit proposed, in order to bind the defendant under his contract. They could not furnish any part of the goods ordered, to Woodcock, upon a longer or shorter term of credit and hold the defendant liable to pay for them or any part of them under his guaranty without his assent to such altered terms. The evidence, however, in this case, rebuts the presumption that would arise from facts to which I have adverted, that Leeds Thayer agreed to give six months' credit. The proof was that the goods were shipped at five different periods, in as many parcels: namely, on the 9th of October, 1841, the 1st, 20th and 30th of November and the 24th of December, in the same year. The invoice of garden seeds of the 30th of October shows on its face that these were furnished at a credit of four months, and besides the proof shows that on the 9th day of March, 1842, about five months from the time of the first shipment and within about two and a half months from the last, Leeds Thayer drew on Woodcock, generally, on account of their goods, for $650, at seven days' sight, thus showing that they did not intend giving the credit of six months for any portion of the goods furnished by them.
I think the nonsuit was properly granted and that the judgment should be affirmed.
All the judges concurring,
Judgment affirmed. *Page 479