*Scott, J.
The defendant in error, Elijah Parker, at the [502 February term, a. d. 1852, of the court of common pleas of Lorain county, upon the hearing of a bill'in chancery filed by him against Joshua Myres (one of the plaintiffs in error) and others, obtained *503 a decree in his favqr; from which the respondents gave notice of their intention to appeal; and, within the proper time for perfecting such appeal, filed in the clerk’s office the following as an appeal bond in the case:
“Know all men by these presents, that we, Joshua Myres and Joseph Ingersoll. are firmly bound unto Elijah Parker in the penal sum of two hundred dollars, to the payment of which well and truly to be made, we do hereby bind ourselves, our heirs, executors, and administrators, sealed with our seals, and dated this 20th day of March, a. d 1852.
“The condition of the above obligation is such that, whereas, the1 said Joshua Myres has taken an appeal from a certain decree in chancery rendreed against him in favor of the said Elijah Parker, in the court of common pleas, within and for the county of Lorain, in the State of Ohio, at the February term thereof, A. d. 1852, for the sum of dollars, and dollars costs, to the Supreme Court within and for the county aforesaid. Now, if the said Joshua Myres shall pay the full amount of the condemnation in said Supreme Court, and costs, in case a decree shall be entered therein in favor of the appellee, then this obligation shall be void, otherwise in. full force and virtue in law.
“Joshua Myres. • [seal.]
“Approved. Joseph Ingersoll. [seal.]”
At the September term, 1853, of the district court of Lorain 503] county, the case was heard as upon appeal, and a ^decree rendered against the respondents, enjoining them, etc., according to the prayer of the bill, and awarding to the complainant his costs, taxed at $70.15 ; for the collection of which an execution was subsequently issued against respondents and returned “ nulla bona.” Thereupon the defendant in error commenced an action on the bond above recited, setting up these facts, and seeking to charge Ingersoll, the surety in the bond, with the amount of said costs, recovered as aforesaid by the decree of the district court. Parker, the plaintiff below, recovered a judgment; and on appeal to the district court, Ingersoll demurred generally to the petition as not showing a cause of action ; but the district court overruled the demurrer and again rendered judgment for the plaintiff below, which judgment of the district court is now sought to be reversed.
There can be no doubt that, in executing the bond sued upon, the obligors intended to perfect an appeal of the chancery suit therein *504 referred to, to the district court of Lorain county, but instead of effecting- this intention, the bond recites an appeal of the case to the Supreme Court of Lorain county, and its condition of defeasance is that “ the said Joshua Myres shall pay the full amount of the condemnation in said Supreme Court, and costs, in case a decree shall be entered therein in favor of the appellee.”
The petition shows no breach of this condition. It does not allege that there has been any condemnation of the appellant, or any decree entered in favor of the appellee, in the “ Supreme Court within and for the county of Lorain.” At-the date of the bond there was no such court. It had been superseded by the district court. Nor does the petition allego a mistake or clerical error in the bond. It would, perhaps, have been useless to set up such mistake. For the petition seeks to make Ingersoll liable as a surety — to make him answer for the default of Myres. No ^principle is better [504 settled than that a surety has a right to stand upon the very terms of bis contract; and a promise to answer for the default of another is, by the statute of frauds, nugatory, unless it be in writing. Ingorsoll, then, must be found liable, if at all, by the very words of the written contract of guaranty. “Where there is no uncertainty upon the face of the instrument,” say the Supreme Court of the State of New York, “ The liability of a guarantor or surety can not be extended by implication or otherwise. The case must be brought strictly'within the terms of the guaranty, or the guarantor will not be liable. The cases speak a uniform language upon that subject.” Evans v. Bradly, 17 Wend. 422. In 17 Ohio, 565 (The State v. Medary et al.), it is said, “the bond speaks for itself, and the law is that it shall so speak, and that the liability of sureties is limited to the exact letter of the bond. Sureties stand upon the words of the bond; and if the words will not make them liable, nothing can. There is no construction, no equity against sureties. If the bond can not have effect according to its exact words, the law does not authorize the court to give it effect in some other way, in order that it may prevail.” To the same effect is the case of McGovney v. The State of Ohio, 20 Ohio, 93, where it was held that an executor’s bond, describing the testator as James L. Findley, can not, by parol evidence, be made applicable to the estate of Joseph L. Findley.
But it is unnecessary to multiply authorities upon this point. In the case under review, the petition shows no breach of the condi *505 ■tion of the bond sued upon; and tbe demurrer should therefore have been sustained.
The judgment of the district court is reversed.
Bartley, C. J., and Swan, Brinkerhoee, and Bowen, JJ., concurred.