Sutliff, J.
The bond sued upon in this case, as shown by the record, is of the following tenor:
*18 “Know all men by these presents, that we, James Hampson and <Gordius A. Hall, are held and firmly bound to 'William Williamson an the penal sum of three thousand dollars, to the payment of which we jointly and severally bind ourselves, our heirs, executors, and administrators. Sealed with our seals, and dated this 13th of January, 1843
“ The condition of the above obligation is such that, *whereas the above-named James Hampson hath obtained the allowance of an injunction in the Supremo Court of Fairfield county and State of Ohio, to stay all further proceedings upon a judgment obtained in the same Supreme Court by the said William Williamson against the said James Hampson, at the November term thereof, a. d. 1842, for the sum of $2,300 and costs of suit, until the matters thereof -can be heard in equity. Now, if the said James Hampson shall pay nil moneys and costs due or to become due from him, the said James Hampson, in said judgment at law, and all moneys and costs which shall be decreed against the said James Hampson in case the said injunction shall be' dissolved, then this obligation shall be void; «otherwise in full force and virtue in law. ' '
“James Hampson, [seal.]
“ Gordius A. Hall, [seal.] ”
The action was against the surety, and a recovery could, therefore, only be had against him strictly upon the contract into which, .as such surety, he had so entered. The surety upon the injunction bond, being in nowise liable upon the j udgment, and having received no consideration for executing such a bond as surety, ought not, in •equity, and could not, in law, be holden to the judgment creditor except by force of the obligation, as clearly expressed by the terms -of the bond which he had so voluntarily executed. No principle -of law is better settled, generally, and none has been more explicitly .asserted in this state, than that a surety can only be bound by the terms of his undertaking. In the case of The Bank of Steubenville v. Carroll’s Adm’rs, 5 Ohio, 207, the court say: “ No principle is better settled at the present day, than that a surety can not be further bound than by the terms of his undertaking.” And again in the case of The State v. Crooks & Shaw, 7 Ohio, 573, Judge Hitchcock, in giving the opinion of the court, uses the following language: “No principle is better settled, perhaps^-than that securities *shall not be bound beyond the scope of their undertaking.” In the ease of The State v. Medary and others, 17 Ohio, 554, in giving their opinion in relation to the liability of the sureties upon theif bond, the court say: “The bond speaks for itself, *19 and the law is, that it shall so speak; and that the liability of sureties is limited to the exact letter of the bond. Sureties stand upon the words of the bond, and if the words will not make them liable, nothing can. There is no construction, no equity against sureties. . . . . It is not like a grant, where everything is construed most strongly against the grantor, and where the intent governs, and will be sought after from the object or extrinsic facts, to give such construction to words, as to carry into effect the intention of the parties.” Again, in the case of McG-ovney v. The State, 20 Ohio, 93, the judge delivering the opinion, in remarking upon the liability of sureties, says “ they are mere sureties, and as such, may ■demand to be brought strictly within the terms of the obligation, before they are charged.” Nor is the holding of the. courts of this state different from that of the Supremo Court of the United States, and of other states and other countries, upon this subject. See the cases of Miller v. Stewart, 9 Wheat. 702; United States v. Boyd, 15 Pet. 208; Evans v. Bradley, 17 Wend. 422; Hunt v. Smith, 17 Wend. 180; Arlington v. Merrick, 2 Saund. 403; Liverpool Water-works Co. v. Harper, 6 East, 507; Wardens, etc. v. Bostock, 2 Bos. & Pull. 175, et passim.
It is, then, certain that the liability of the defendant below was 4o be determined solely by the terms of the bond, from which alone his liability sprung. The bond was the only writing signed by the defendant upon which he could be charged with any undertaking to pay the debt, the judgment against Hampson. The terms and conditions of the bond, as therein expressed, must ascertain and determine the liability of Hall.
If that obligation, so entered into by him, made reference to ^a debt expressed by a promissory note or by a judgment, or to any subject, object, or event, as a substantive matter of the contract, proof might and ought to be admitted in relation to such extraneous matter so referred to; but no evidence, by the law of the case, could be admitted to vary or extend the liability of the defendant from the expressed condition and terms of the injunction bond.
When this case came before this court upon a former exemplification of record, the only question submitted to the court seems to have been the sufficiency of the averments contained in the declaration, replied to, as they were, by only a general demurrer.
The majority of the court inclined to the opinion that the aver *20 ments.in the declaration were sufficient, under a general demurrorthereto, to entitle the plaintiff to recover, and held that the court of common pleas had erred 'in sustaining the demurrer to the declaration. Reference is made in their opinion to the case of United. States v. Maurice and others, as containing an exemplification of the rule, “id cerium est, quod cerium potest,” applicable to the case-then under consideration.
I apprehend, however, if that record had contained a copy of the-injunction bond and condition, there would have been no difference in opinion in the court holding the case then under consideration a very different one from that so referred to.
The case of The United States v. Maurice and others, 2 Brockenbrough, 96, was an action of debt, brought upon a bond executed, in the penalty of twenty thousand dollars, with the following condition : “Whereas, the said James Maurice has been appointed-agent for fortifications on the part of the United States; now,, therefore, if the said James Maurice shall truly and faithfully execute and discharge all the duties appertaining to the said office of agent as aforesaid, then the above obligation to bo void,” etc.; and • the breach assigned in the declaration was, that Margo sums-of money came into the hands of Maurice as such agent, which he was, by the duties of his said office, bound to disburse and account for,'a part of which, namely, forty thousand dollars, he had, in violation- of his duty, utterly failed to disburse to the use of the-United States, or accounted for, etc.
The defendants, the sureties in the obligation, prayed oyer of the bond and condition, and demurred to the declaration. The plaintiff joined in the demurrer.
Chief Justice Marshall, in delivering the opinion of the court, used the following language: “If, instead of specifying the particular purposes for which the money was received, the condition of' a bond refers to a paper which does specify those purposes, I know of no principle of reason or of law, which varies the obligation of' the instrument from what it would be,.if containing that specification within itself. That is certain which may be rendered certain, and an undertaking to perform the duties prescribed in a distinct contract, or in a law, or -in any other known paper prescribing' those duties, is equivalent to an enumeration of those duties in the 'body of the contract itself.”
And there is no doubt that in this case, if the condition of the *21 bond, instead of being expressed, as it is, in the instrument, to pay a certain judgment specified in the instrument, had been to pay a judgment named in a supplemental bill referred to in the condition, at would have been equally good. But the ease presented by this record, containing, as it does, a proferí of the bond and condition, is quite different. Instead of omitting to specify the amount of the judgment in the condition itself, and referring to the supplemental bill for the amount or description of the judgment, the parties have fully expressed the amount in the condition of the bond, and have, in fact, made no reference to the bill of complaint for either the amount or description of the judgment.
But when the demurrer was overruled by this court, the record '*shows that oyer of the bond and condition had not been [26 •craved, nor -proferí of the bond made, and from the averments .made in the declaration, which were admitted by the demurrer, as expressed by the language of the declaration, the majority of the •court seem to have regarded the condition of the bond as containing .a reference to the bill in chancery for the amount. Had the copy •of the bond and condition been before the court, it would have been seen then, as it appears now, that no reference is thereby made to the bill in chancery, and that consequently the plaintiff could not legally give in evidence a copy of the bill of complaint as proof in the case.
This is evident from the fact that it is expressly stated in the ■opinion of the court, that they have carefully ro-examined the case ■of McGovney v. The State (20 Ohio, 93), and are entirely satisfied with that decision, and do not regard it as in the least conflicting with their holding in the case then under consideration.
The exemplification of' the record, as now presented in the case, ■discloses the fact that the supplemental bill, upon which the injunction was allowed, instead of correctly describing the judgment, so .as to correct the description expressed in the condition of the bond, if allowable to refer to it for that purpose, in fact contains no description of any judgment. The plea of the defendant, of nul tiel record as to the supplemental bill, and his plea of non est factum as to the bond declared upon, were well sustained by the proof. And the district court ‘evidently erred in admitting in evidence the transcripts of the record of the bill of complaint, and of the judgment, as well as in finding the issue under the two pleas above mentioned in favor of the administrators of Williamson and against the plaint *22 iff in error, and rendering judgment accordingly. And for this cause, the judgment of the district court must be reversed.
Swan, O. J., and Brinkerhoee, Scott, and Peck, JJ., concurred.