## NEW YORK COMMON PLEAS.

ALEXANDER T. STEWART and others agt. LAFAYETTE RANNEY.

Where on the purchase of goods a third person guaranties the payment to a certain amount, based upon a credit of *six months* from the dates of the respective purchases, the guarantor is liable, although the dates of the several purchases were *averaged* (as is the custom among merchants,) and notes of the purchaser taken on each average, whereby the term of credit was, as to some of the purchases, extended, and as to others diminished.

*New York Special Term, June,* 1862.

THE defendant, for a consideration, guarantied to the plaintiffs, the payment of all purchases of goods made of them after May 1, 1858, by Martin L. Ranney, not exceeding $500 in amount, based upon a credit of six months from the dates of the respective purchases.

It is admitted that, between May 20th and July 1, 1858, six distinct purchases of goods were made upon the faith of this guaranty, based on the credit stated. On the latter day all these purchases were averaged, as to dates and amounts, and a note was given by Martin L. Ranney to the plaintiffs, dated June 11, for the whole sum then owing, payable in six months thereafter. A similar course was adopted respecting five separate purchases made between September 4 and October 23, 1858, the note being dated October 16, and payable in six months thereafter. For the two remaining purchases on November 2 and 11, no note was given. The whole amount of the purchases was $915.14.

MALCOLM CAMPBELL, *for plaintiffs.*
GEORGE R. THOMPSON, *for defendant.*

HILTON, J. It is claimed that, although these sales were based upon a credit of six months, in each instance, yet the defendant was absolved from all liability upon his guaranty, because the plaintiffs accepted the notes referred

to, whereby the term of credit was as to some of the purchases extended, and as to the others diminished.

But it appears that there is a custom among merchants, where there are several items or purchases in a running account, each having a credit for a particular period of time, to ascertain by average, when the whole amount becomes due, by reference to the date and amount of each purchase, and date thus ascertained is regarded by both parties as the time when the whole account is payable. And it is insisted that, as the course adopted in the present case was in accordance with this established custom, there was no departure from the terms of the guaranty in accepting the notes, they having been received and given in accordance with a well-known commercial usage which the defendant must be presumed to have been cognizant of when he executed the contract of guaranty.

It seems to me that the principle established in *Smith* agt. *Dorr*, (6 *Hill*, 543,) is decisive upon the question here presented. In that case the guaranty was for purchases made upon a credit of three months. The goods were sold upon these terms, but the vendors, in accordance with the usual custom, took the note of the purchaser for the amount of the sale, payable in three months thereafter, but failed to specify that it should be without grace ; and thus, in effect, the term of credit was extended beyond the time named in the guaranty. It was there remarked by Judge BRONSON, that as there must be a strict compliance with the terms of a guaranty to bind a surety, the variance of three days was as fatal as if it had been a month, (*Walrath* agt. *Thompson, id.,* 140 ;) yet that guaranties, like all other commercial contracts, must be construed with reference to the usages of trade. (*Dobbin* agt. *Bradley,* 17 *Wend.,* 422 ; *Lee* agt. *Dick,* 10 *Peters,* 482 ; 3 *Wheat.,* 148, *note.*) And although there was no particular usage proven on the trial in that case, the court, however, took judicial notice of the custom of merchants to take notes in that manner. and held

that so doing did not discharge the surety, notwithstanding the term of credit was extended beyond that named by the guarantor as a condition upon which he agreed to become liable. (*Hinton* agt. *Locke*, 5 *Hill*, 437; *Vail* agt. *Rice*, 1 *Seld.*, 156.)

*Henderson* agt. *Marvin*, (11 *Abb.*, 142,) does not conflict with these views, as it was not shown that the notes there referred to as extending the term of credit in some instances and shortening it in others, were given in accordance with any commercial usage based upon the custom of averaging running accounts. It is therefore clearly distinguishable from the present case.

The plaintiffs are entitled to judgment for the amount claimed.