## TERRITORY OF WYOMING v. RITTER ET AL.

OFFICIAL BONDS—LIABILITY OF SURETIES.—Under the statutes of the territory of Wyoming, which provide that the judges of probate of the respective counties shall be *ex officio* county treasurers of the same, an undertaking given for the faithful performance, etc., of the duties of probate judge, is not an undertaking for such performance of duties of county treasurer by the same person, and the sureties on the bond for the former are not liable for the defaults and malfeasance of such probate judge while acting as county treasurer. To make a person an *ex officio* officer, by virtue of his holding another office, does not merge the two into one.

ERROR to the Second District Court for Albany County.

A full statement of the case is contained in the opinion of the court.

*M. C. Brown*, for plaintiff in error.

The cause of action stated in the plaintiff's petition in the court below is alleged to have accrued on the official bond of George W. Ritter, as judge of probate of the county of Albany, territory of Wyoming. The defendants interposed a demurrer to the plaintiff's petition, alleging these grounds: 1. A defect of parties plaintiff; 2. That the facts stated are not sufficient to constitute a cause of action, etc. And after argument the court below sustained the demurrer, and the plaintiff alleges error of the court in so sustaining the defendant's demurrers.

As to the point made by the demurrer as to the parties plaintiff, we simply say there is no distinction between "the territory" and "the people of the territory:" *People* v. *Love*, 19 Cal. 22; and see decision of court below on this point.

The next point urged in argument to sustain the demurrer in court below is this: The condition of the bond sued on is not the condition of the bond of the judge of probate as provided by law: For condition of statutory bond of judge of probate, see Revised Statutes, p. 206, sec. 1; for condition of bond sued on, see page — of record. It will be

# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF

WYOMING TERRITORY.

MARCH TERM, 1877.

observed that so much of the statutory .condition as refers
to the duties of the judge of probate as *ex officio* justice of
the peace and county treasurer is wholly omitted from the
bond sued on.     It will be further observed that the breach
of the bond assigned in plaintiff's petition is the failure of
the officer in the duties required of him by law as "*ex officio*
county treasurer."     A further examination of the bond sued
on shows that there is a general condition to the effect that
"he (the judge of probate) shall perform all the duties re-
quired of him by law."

Now, then, whether there is error in the proceeding of the
court below, as alleged in plaintiff's petition, must be deter-
mined by this question, *i. e.*, when there are several conditions
required by law to be inserted in a bond, in addition to the
general condition that he shall perform all duties, etc., and
these special conditions are omitted, and the general condi-
tion only retained in the bond, does such general condition
cover and comprehend each and all of such special condi-
tions ? If yes, then there is error in the record; if no, there
is no error.

We cheerfully admit what is claimed by the defense to be
a general rule, *i. e.*, that sureties on a bond are bound only
to the extent of the letter of the obligation.     We further
admit that where the terms of a contract are clear, definite
and certain, there is but one thing for a court to do in ref-
erence thereto, and that is, to enforce the obligation accord-
ing to the clear, unquestioned terms of the instrument; but
where there is uncertainty or ambiguity in the terms of the
instrument, courts, either of law or equity, will construe it
according to the clear intent of the parties, though it pre-
vails against the letter of the contract: Kent's Com. 12th ed.
vol. 2, p. 555 *et seq.; Cook* v. *Graham,* 3 Cranch, 220; Par-
son's Con., 6th ed., p. 498 *et seq.*

We say the meaning of the instrument sued on, consid-
ered in connection with the law is not clear, and under the
rule settled by Kent calls for and demands construction by
the court.     The instrument being one that calls for con-

struction, the sense of it must be sought from the law under which it was drawn: 2 Kent. 556. It is evident from the reading of the instrument in question, that it was intended as a bond for the faithful performance of official duty. What the particular duty to be performed and the obligations of the sureties were, can only be ascertained by comparing the contract or obligation with the statute.

Contracts, particularly bonds, and the law must be construed in *pari materia:* Bouvier's Inst. 41, 259, 260, 285, 286, 364; 2 Kent, 459, 460, 556 and notes; Story's Conflict of Laws, 225–233.

If, then, the statute is to be construed with the bond in order to determine the liabilities of the sureties, careful examination of the statute becomes necessary: See Revised Statutes, art. 2, sec. 1, 206.

The statute referred to provides that there shall be a judge of probate for each county, who shall be *ex officio* justice of the peace and county treasurer; who shall execute a bond in "the penal sum of ten thousand dollars," conditioned upon the faithful performance of the duties required of him by law as such judge of probate, *ex officio* justice of the peace and county treasurer.

Now the bond sued on makes no reference to *ex officio* justice of the peace and treasurer, nor does it contain the special condition as to paying money, etc. If the bond, in addition to the words "judge of probate," contained the words "*ex officio* justice of the peace and county treasurer," there would be no question, it is believed, as to the liability of the sureties under the breach assigned in the plaintiff's petition, because it has long been settled that where the special conditions required by law to be inserted in a bond are omitted, and these are covered by and comprehended within the general condition, the sureties are liable for a breach of such bond to the same extent as if it contained the very words of the statute: *State* v. *Findley,* 10 Ohio, 51; *Farrar & Brown* v. *United States,* 5 Peters, 373; *Supervisors etc.* v. *Van Campen,* 3 Wend.; *Clark and others* v. *Potter*

*County*, 1 Penn. 159. Nor do the above authorities contro-
vert or conflict with the theory that sureties are bound by
the letter only of their obligation, for when we remember
the rule, that the bond and law are construed in *pari materia*,
the law fixing and establishing the duties to be performed,
and the obligation being the faithful performance of all du-
ties required by law, the contract and the law together form
the letter of the obligation of the sureties, and a failure in
any duty is a breach of the letter of the obligation. How,
then, would it be if the words "*ex officio* justice of the peace
and county treasurer" were omitted from the bond as well as
the special conditions required by law? Would the liabil-
ities of the sureties be in any way effected or changed? It
is believed that they would not, and that they would yet be
liable under the letter of the obligation by the terms used
in the general condition.

The probate act (Revised Statutes, p. 206), declares there
shall be a judge of probate for each county. The general
election law in force at the time this bond was given pro-
vides for the election of judge of probate. Revised Statutes,
p. 297, and the organic act provide for the establishment of
that office: See Organic Act, sec. 9. But there was no law
at the time this bond was given that provided for any such
office or officer as county treasurer. The probate act re-
ferred to provides that the judge of probate (the officer
elected by the people) shall qualify by taking the oath of
office to support the constitution, etc., and to perform the
duties required of him by law, nothing said about treasurer
thus far, and that he shall execute a bond in the penal sum
of ten thousand dollars, conditioned for the faithful perform-
ance of the duties required of him by law as such judge of
probate, *ex officio* justice of the peace and county treasurer.
That is, his office is judge of probate. It is the judge of
probate who is qualifying in office. It is the judge of pro-
bate who is giving a bond, and no other officer, but the con-
dition of his bond requiring him to perform other duties
than purely probate business.

But it is claimed that the letter of the obligation covers probate business only. All persons are presumed to know the laws under which they live and contract. These sureties are presumed to know what duties are required by law to be performed by the judge of probate. They are presumed to know that but one bond of ten thousand dollars is required of him, and that such penal sum covered all duties required by law. They are presumed by law to know that the duty of receiving and paying out moneys was required of the judge of probate.

Construing the contract and the law together, then, and what is the result. The bond is conditioned for faithful performance of all duties. A part of the duty required by law is receiving and disbursing moneys. The breach of the obligation assigned is the failure to disburse. But it is said there are two offices, and the obligation sued on is for faithful performance of duties of judge of probate, and is not intended to cover the treasurer's office. If there are two offices there must be two bonds. The law only requires one bond, and that is the bond of judge of probate, but conditioned, it is said, for faithful performance of the duties of three distinct and separate offices.

If this be true, how can liability in the different offices be determined? Are the sureties on this statutory obligation liable in the sum of ten thousand dollars for failure of duty as justice of the peace, and in the same amount as treasurer. If yes, then they are liable to the extent of thirty thousand dollars. Under such circumstances, what would be said as to the letter of the obligation? But the whole obligation is ten thousand dollars, and it is impossible to determine what portion of this amount is intended to secure the performance of the duties of each of these separate offices, if they are separate offices.

When the consideration of the contract is single and entire, the obligation must be taken as a whole, it cannot be divided: See R. Stat. page 206; Bouvier's Institutes, vol. 1, page 269, *et seq.;* Parson's Contracts, vol. 2, page 517. So

we say, as the obligation is to be taken as a whole, and is indivisible. It is an obligation to secure performance of the duties of one office, and that the office of judge of probate, the only office created by law. The term *ex officio,* "by virtue of," as used here, is simply intended to interpose other and additional duties on the office of judge of probate: *People* v. *Leet et al.,* 13 Ill. 261. In this case the supreme court of Illinois say, in construing a statute providing that the sheriff shall be *ex officio* collector, etc. Suit on official bond: "The sheriff does not hold two separate and distinct offices, but performs the duties previously belonging to two offices. He is styled *ex officio* collector, but this expression is used to designate a particular breach of his duties."

In *Governor* v. *Redgway,* 12 Ill. 44, and in *Compton* v. *People,* Id. 290, it was held "that sureties upon an official bond, conditioned for the discharge of the duties imposed upon him within the scope of office."

In North Carolina it was held that a sheriff who by virtue of his office was collector of taxes, held but one office, and the legislature could not divide it: 6 Am. R. 754.

In New York it was held, when the officer was clerk of the city and county of New York and was also clerk of common pleas, that it was one and the same office: *Warner* v. *The People,* 2 Denio, 272.

But we say no possible construction will permit the conclusion that the judge of probate and *ex officio* treasurer are two and distinct and separate offices, because, if such were the fact, some provision must be made to fill the office of treasurer. An office can be filled in this territory only as provided by organic act. This act provides that all township, district and county officers * * * shall be elected or appointed as provided by law: See Organic Act, sec. 7. If the office of treasurer is established by law, then the law must provide for its being filled, and the only way it could be filled would be by election or appointment. No such provision is made by law for filling treasurer's office; and

so, if there are two offices as contended, the act of the legislature providing for judge of probate filling the office is in direct conflict with the organic act, and, therefore, void. It is a well settled rule of law that courts will not give a statute a construction rendering it void, if from the context it will bear a construction such as to harmonize with the fundamental law.

Again, if it is said there are two offices, and the legislature has undertaken to fill the second office by using the term *ex officio* in connection with the first office, the act would be void as to that part of it. It would be an attempt to fill an office without election or appointment by lawful authority, and by appointment by legislation. Legislature has no appointing power: *People ex rel. Le Roy* v. *Hurlburt et al.*, 9 Am. R. 103, especially p. 116; also Organic Act, secs. 2 and 7. I think it clear, without argument or presentation of authority, that a man cannot be lawfully legislated into office or out of it. If the construction of the law contended for by the defense is to prevail that there are two offices, then we say the act of the legislature must, for the reasons before presented, be held as unconstitutional and void. But on the other hand, if the court, in pursuance of the general rule, place such a construction upon the statute as to make it operative, then we say there is but one office, and that is the office of judge of probate.

But the court below so held upon this point, and we believe in this respect at least the defense is strong and conclusive, and we commend it to the court. But it may be said that no additional duties can be lawfully imposed upon judge of probate. Upon this point we ask the examination of the case in 20 Wallace, 375. No additional judicial duties can be imposed, but ministerial duties can be.

In conclusion, we say there is one office—judge of probate. There is one bond, and that is the bond of judge of probate; and that the general condition covers and comprehends all others. And the sureties and the bond sued on are liable for all acts of Geo. W. Ritter, as judge of pro-

bate, and that as judge of probate, Ritter was required to receive and pay out money, and a failure to pay and account for moneys as alleged in the petition is such a breach of the bond sued on as makes his sureties liable.

*W. W. Corlett,* for defendants in error.

This was an action brought on an official bond given by the defendant, Geo. W. Ritter, as probate judge of said Albany county, for the faithful performance of his duties as said probate judge, and provided as the condition thereof, that if said Ritter shall well and faithfully perform the duties of said office of probate judge according to law, then the bond to be void; otherwise in force. The bond was given for the sum of ten thousand dollars, and the other defendants are sureties on the bond. The sureties demurred to the petition, which demurrer was sustained. Plaintiff excepted, and prosecuted said petition in error to reverse the judgment on said demurrer, which is the only question in the case. The petition, after setting out the terms of the bond, including the condition as above quoted, proceeds to allege that said Ritter did not perform his duties, and as required by law in this, that as probate judge and county treasurer he did receive fifty-five thousand dollars, and did abscond with the same and fail to pay the same over, etc. The liability of the defendants in the case is of course determined by the terms of the bond itself. No artful pleading of matters of law can change the rule of liability, neither can such pleading change the law itself, or make a cause of action, for matters of law ought not to be pleaded at all, and counsel make a grave mistake if they imagine that by pleading matters of law, or that by pleading as the legal effect of the bond something not warranted by the terms of the bond as set out in the petition, they can inject into the case an element by which the effect of the demurrer can be avoided. From an inspection of the petition it will be readily seen that the default of Ritter, as alleged, was

one occurring in his capacity as treasurer, he being *ex officio* treasurer of the county by virtue of the law. There are two distinct offices, the duties of which are performed by one person.

That the bond is not in the form required by law is not disputed. The law declares that before the probate judge (who it declares shall be *ex officio* justice of the peace and county treasurer) enters upon the duties of his office, he shall execute a bond to the territory in the penal sum of ten thousand dollars, * * * conditioned for the faithful performance of the duties required of him by law as such probate judge, *ex officio* justice of the peace and county treasurer, and for the faithful application and payment of all moneys and effects that may come into his hands in execution of the duties required of him by law as such probate judge and *ex officio* justice of the peace and county treasurer. The bond as given requires him to perform his duties as probate judge; but wholly omits any requirement whatever as to his duties as justice of the peace and county treasurer: See Laws of Wyoming, p. 206, sec. 17. The contention in this case is this: On the one hand it is claimed that the duties of the probate judge, as such, include his duties as county treasurer and justice of the peace, and therefore the bond which holds him for the performance of his duties as probate judge, holds him likewise to the performance of his duties as justice of the peace and county treasurer, because the latter are included in the former. On the other hand, the defendants claim that the duties of Ritter as justice of the peace and county treasurer are not included in his duties as probate judge, nor are they to be performed as such; but on the other hand are additional to and beyond his duties as probate judge, and have to be performed in a capacity entirely different from that of probate judge.

The office of probate judge is one provided by the organic act. It is a judicial office, as the terms themselves import. As a probate judge, he constituted a part of the judiciary

of the territory and of its judicial system, and as a probate judge, it has been decided that not even the legislature can confer upon him any judicial power, save and except such power as naturally, according to the general legal understanding, appertains to the office as such: *Ferris* v. *Thigley,* 20 Wallace, 375; 25 Cal. 520; 6 Ohio; 9 Cal. 286.

Whatever the probate judge does as a probate judge he does, therefore, as a judicial act. He may well be authorized to do other acts and perform other duties by and under the law, but when he thus acts he does not act probate judge. Any other view would be absurd. A judicial act must be the determination of some controversy, according to law, between proper parties. Therefore, when a court or judge acts as such, it, in the very nature of things, performs a judicial function. Now, in the very nature of things, whatever a man does as a county treasurer cannot be a judicial act. It must be a ministerial act, and nothing else. Therefore, to say that when Ritter received the county money he did it as probate judge, is to allege that he did a judicial act, when, in the very nature of things, it could not be such. The argument of the plaintiff brings him to this dilemma, and no reasoning can extricate him from it. This tribunal might be empowered by law to receive and pay out the public revenue to this territory, but in doing so, would any one pretend that it did so in its capacity of a court? A court is a place where justice is judicially administered. Will it be pretended that if the person who accidentally fills the position of judge of a court, also by law receives and pays public moneys out, that in doing so he is judicially administering justice? And yet, if he is doing so as a court, that is just what he is doing, because a court, as such, can do nothing else. The legislative intent, in the case of our probate judges, was that they should also act as justices of the peace. Now, if the duties of a probate judge, according to the legislative intent, include those of a justice of the peace, then we would have this anomalous state of affairs, that when the probate judge entertained a common

law action of assumpsit in favor of A. against B., for fifty dollars and costs, he would be acting as probate judge, but as probate judge, according to the case of *Ferris* v. *Thigley,* he could not entertain such an action, would have no jurisdiction.

Again, seeking the legislative intent, if the legislature considered that the probate judge was to perform the duties of justice of the peace and county treasurer, as probate judge, why did they provide that he should be called a justice of the peace at all? The suggestions are all very pertinent, as showing the meaning of the legislature in passing the section of law above alluded to.

The legislative intent is further manifested, in fact made most clear, by other sections of the law, to which attention is now directed: see Laws of Wyoming, 206–209, secs. 4–15; 560–564, secs. 42–61; 267, sec. 96.

Having thus considered these general and to some extent preliminary questions, let us see what the rule is as to the liability upon a bond, and as to the right of action thereon. We deem the law to be, that when sureties are sought to be made liable on a bond, they must be brought within the letter of the bond; they stand upon the words of the bond, and if that does not make them liable, nothing can. The cases speak a uniform language on this subject: *Myers et al.* v. *Parker,* 6 Ohio St. 501; *Evans* v. *Bradley,* 17 Wend. 422; *State* v. *Medary,* 17 Ohio, 565; *McGooney* v. *State,* 20 Ohio, 93.

The defendants in this case do not claim that the bond is void. It is not a good statutory bond, but is good as a common law bond, and may be recovered on in any case where it is alleged and proved that said Ritter has not faithfully performed the duties required of him by law as probate judge. The duties of Ritter as treasurer are not included in the duties to be performed by him as probate judge, his duties as treasurer being outside of and beyond his duties as probate judge, and not included in them, according to all the authorities this bond gives no cause of

action for a default as treasurer: *Farrar* v. *Brown,* 9 Curtis's Dec. 386. In this case the court had no doubt but that the duties omitted from the terms of the bonds given were included in the general terms incorporated in the bond, but had so much doubt even in that case as to whether there could be a recovery when the default was in one of the particulars omitted in the bond, that the court declined to pass its opinion as to liability in such a case, an opinion on that point not being necessary to a determination of the case: See case last cited, p. 390. In the case last cited, the court says, that but for the statute which was express in requiring the condition of the bond to express that the obligor should faithfully disburse the public moneys coming into his hands, etc., there was no doubt but that it would be open to proof that the distribution of money was one of the known and habitual duties of the office of surveyor, and included in the general words. But in that case the court hesitated so to say, because the statute in express terms required the bond to say that he should faithfully disburse the money received. But supposing that, in a case like the present, the plaintiff would not be allowed to prove that the receipt of the county revenues and taxes is one of the known and habitual duties of the office of probate judge, could such proof be made. Is not that matter settled by law, and does not the law absolutely settle it by declaring that it must be as county treasurer that he receives such moneys and disburses them: *State of Ohio* v. *Findley,* 10 Ohio, 51. But it is claimed on behalf of the plaintiff that Ritter being *ex officio* treasurer by reason of the fact that he was probate judge, his duty as treasurer were simply a portion of his duties as probate judge, that there was but one office, and that one was probate judge; that the offices were not separate and distinct offices, but that the duties of the one were simply swallowed up and absorbed by the other. When this cause was argued below, it unfortunately was heard without the light of any authority expressly in point, and hence had to be deter-

mined upon reason and the general analogies of the law rather than upon the express adjudication, especially as to the point just mentioned.    It was supposed that no express authority was accessible.    Fortunately, however, the question has been well considered in numerous cases by one of the highest and most respectable courts of the Union, and the emphatic declaration made that to make a person an *ex officio* officer by virtue of his holding another office, does not merge the two into one, nor does it thereby make the duties of the other: See *People* v. *Edwards,* 9 Cal. 286; *People ex rel. Anderson* v. *Durick,* 20 Cal. 94; *People* v. *Love,* 25 Cal. 520; *Lathrop* v. *Brittain,* 30 Cal. 680; *People* v. *Ross,* 38 Cal. 76. From an examination of some of the cases just cited, it will be seen that the court holds that a recovery can be had upon a sheriff's bond for a default as tax collector, but the right to recover is placed upon the sole ground that the state of California by express law had declared that the sheriff's bond as such should be liable for all taxes collected by him; and in the other cases not subject to the provision of this express law, it was emphatically held that there could be no recovery upon the bond of one office for a default in the other.    It is believed that the authorities just cited remove all doubt as to the correctness of the ruling of the court below (if any such doubt ever existed), and that this court with the aid of these decisions, can have no hesitation in affirming the judgment of the court below.

By the Court, BLAIR, J.:    This is an action brought on a penal bond, executed by George W. Ritter, and Henry Bath, A. T. Williams, Charles Kuster and M. G. Toun, his sureties, to the territory of Wyoming, as judge of probate, and who, as the petition of plaintiff alleges, was also *ex officio* county treasurer of Albany county.    The petition proceeds to set forth the duties of the judge of probate as *ex officio* county treasurer, and avers that it is made his duty by law to receive all moneys belonging to the county and territory, from whatever source they may be derived, and shall pay

the same out only on the order or warrant of the board of county commissioners, as prescribed by law.

That he is required to keep a true and just account of all receipts and expenditures, of all moneys that shall come into his hands; to report at each regular meeting of the county commissioners the amount of moneys received and expended as treasurer during the intervening time, and to safely keep all moneys that may come into his hands as judge of probate and *ex officio* county treasurer, and to perform all the duties required of him by law. The petition further alleges that after Ritter executed the bond aforesaid, he took upon himself the office of judge of probate, and as such *ex officio* county treasurer, and assumed all the duties thereof. The plaintiff then assigns as a condition of the breach of said bond, that said George W. Ritter, judge of probate as aforesaid, and as such *ex officio* county treasurer of Albany county, did not faithfully perform all the duties required of him by law, but made default, and wholly neglected and refused so to do.

That in the year 1875, and up to the time of bringing the plaintiff's action, the said Ritter, as judge of probate and *ex officio* county treasurer, received large sums of money, which he grossly neglected and refused to safely keep, disburse and account for, and that he wholly neglected and refused to keep just and true accounts of his receipts and expenditures of all moneys coming into his hands, by reason whereof the said Ritter had become a defaulter in the sum of fifty-five thousand nine hundred and thirty-six dollars and seventy-four cents, and had absconded with the same.

The petition concludes in the usual form, and prays judgment against the defendants for ten thousand dollars, the penalty of the bond.

The sureties of Ritter, by counsel, appear and demur to the petition of the plaintiff, and assign two causes of demurrer:

1. That the plaintiff has no legal capacity to sue in

this action, in this, that by law the action should have been brought in the name of the people.

2. That the petition of the plaintiff does not state facts sufficient to constitute a cause of action against the defendant and in favor of the plaintiff.   The demurrer to the plaintiff's petition was sustained in the court below, and the case came to this court for review.

The first cause of demurrer having been waived by counsel in their argument before this court, it will not be considered.   We will, therefore, consider the second cause of demurrer.   This cause of demurrer raises the question (which is the only one in the case) as to the liability of the sureties of Ritter for the failure of Ritter to perform the duties required of him by law as county treasurer.

The first inquiry that would seem to present itself is, whether the office of judge of probate and county treasurer are one and the same office, or two separate and distinct offices, and in either case are the sureties of Ritter liable in this action.   By a careful examination of the act creating the office of judge of probate, found in the code of 1869, article 2, chapter 4, it will be seen that independent of the first section, there are but two, viz., four and five, where the judge of probate is styled county treasurer.   From the end of the fifth section to the end of article 2, the person who is required to perform the duties of treasurer, is styled either county treasurer or treasurer.   On page 358, section 49, of the code of 1869, it is made the duty of the county treasurer to sign and deliver to the purchaser of any real estate, sold for the payment of taxes, a certificate of purchase, etc., and section 54 gives a form of deed conveying to the purchaser of said property, so sold as aforesaid, which deed is signed simply, "E. F., treasurer."   In every instance, therefore, where the person is referred to, who is to discharge the duties of county treasurer, save in the two instances we have mentioned, he is styled either county treasurer or treasurer.

The conclusion would therefore seem almost inevitable if

we look to the act alone creating the office of judge of probate, to ascertain the intent of the legislature, that it was the intent, and the legislature did create two separate and distinct offices; the duties of each to be performed by one and the same person. The correctness of this view as to the intent of the legislature is not lessened, but on the contrary greatly strengthened by the fact that the duties of the office of judge of probate and that of county treasurer have no connection one with the other; each are clothed with different and distinct powers; each to perform different and distinct duties; the functions of the former being wholly judicial, the latter purely ministerial.

The question, however, has been well considered by one of the most respectable courts of the Union, and has, as we think, ceased longer to be debatable. The supreme court of California has held, in numerous cases, that to make a person an *ex officio* officer by virtue of his holding another office, does not merge the two into one: *People* v. *Edwards*, 9 Cal. 286; *People* v. *Love*, 25 Id. 520; *Lathrop* v. *Brittain*, 30 Id. 680; *People* v. *Ross*, 38 Id. 76.

Assuming, therefore, that when the legislature declared that the judge of probate should be *ex officio* county treasurer of his county, two distinct offices were created, we are brought to consider the next question which arises in this case, viz.: Are the sureties of Ritter liable in this action for the failure of Ritter to discharge all the duties imposed upon him by law as county treasurer. The laws of this territory declare that the judge of probate, who shall be *ex officio* justice of the peace, and county treasurer of his county, shall give bond to the territory in the penal sum of ten thousand dollars with two or more sureties; conditioned for the faithful performance of the duties required of him by law as such judge of probate, *ex officio* justice of the peace and county treasurer, and for the faithful application and payment of all moneys and effects that may come into his hands in execution of the duties required of him by law as such judge of probate and *ex officio* justice

of the peace and treasurer. The condition of the bond executed by Ritter, and upon which this action is founded, is as follows, viz.: Now, therefore, if the said George W. Ritter shall well and faithfully perform all the duties of said office of judge of probate according to the laws of said territory, then the above obligation to be null and void, otherwise to be and remain in full force and effect. Here it will be observed that the condition of the bond upon which this action is being prosecuted, would seem to be limited to and covers only the duties of judge of probate.

If this be so, the vital question arises, are the sureties of Ritter liable in this action for the failure of Ritter as *ex officio* county treasurer to faithfully discharge all the duties required of him by law as county treasurer; or in other words, are the legal liabilities of the sureties of Ritter the same under the condition of the bond sued on as if it contained the exact words of the statute? To ascertain the extent and liabilities of sureties who execute bonds of this character, we have only to apply the well settled rule of law applicable in such cases, and all difficulty at once disappears. The rule is simply this, that the bond must speak for itself, and the law is that it must so speak; that the liabilities of sureties are limited to the exact letter of the bond. Sureties stand upon the words of the bond, and if the words of the bond do not make them liable, nothing can. There is no construction, no equity against sureties. If the bond cannot have effect according to its exact words, the law does not authorize the court to give it effect in some other way, in order that it may prevail: *State of Ohio* v. *Medary et al.*, 17 Ohio, 565; *Myers et al.* v. *Parker*, 6 Ohio, 501; *Evans* v. *Bradley*, 17 Wend. 422.

Applying the above rule of construction in endeavoring to ascertain the liabilities of the sureties of Ritter under the condition of the bond in question, it would seem that they could be held liable only for the acts of Ritter as judge of probate *per se*, and not for his neglect or failure to discharge the duties of county treasurer. But it has

been argued by counsel for plaintiff in error with great earnestness, that when the condition of a bond is cumulative, the omission of one condition cannot invalidate the bond so far as the other operates to bind the party. Unquestionably this is true. But the question is one of much more difficulty whether where the law is expressed that the condition of the bond shall be both for the faithful performance of all the duties imposed upon him by law as judge of probate, and the faithful application and payment of all moneys and effects that may come into his hands in execution of the duties required of him by law as such judge of probate, and *ex officio* county treasurer, and the former only is inserted, can the latter be held to be comprised within the general words of the former? We do not hesitate to say they cannot: *Farrar & Brown* v. *United States,* 9 Curtis, 386.

We are therefore of opinion: First. That where the judge of probate is made by express statute *ex officio* county treasurer of the county, that two distinct offices are thereby created by law; Second. That where the condition of the bond executed by the judge of probate is only for the faithful discharge of the duties of judge of probate *per se,* the sureties on said bond are not liable for the failure of the judge of probate as *ex officio* county treasurer to perform the duties of county treasurer required by law.

For these reasons, we think there is no error in the judgment of the court below.

Judgment affirmed.