By the Court,

Cowen, J.
It appears to me that here was in the outset a fatal departure from the terms of the guaranty. The defendant undertakes to be accountable for goods to §70, and directs a bills to [180] be sent. The delivery is of goods to $102-81, on a note of the vendee at thirty days. I can not understand the engagement otherwise than as an undertaking to pay presently, or at least as reserving the right to pay presently the bill of $70. That would give a remedy over against the principal instantly, either for money paid, or, if any better, a right to insist on a direct and immediate suit against Putnam for the money. These remedies are both suspended by the act of the plaintiff. It is perfectly well settled that such an extension, given to the principal for a precedent debt, discharges the guarantor (Combe v. Woolf, 8 Bing. 156). The principles on which such a consequence follows are there fully explained. The only difference between the two cases is that in Combe v. Woolf, the guaranty was at first followed and afterwards violated by extending a credit on the note of the principal; whereas here it was departed from in the first instance, or in other words, *104 never followed at all. If a credit of thirty days could be given, why not one of thirty years, within the same principle? The terms of these guaranties must be exactly pursued or the guarantor is never liable at all (Wright v. Johnston, 8 Wendell, 512; Id. 526, per Nelson, J., Miller v. Stewart, 4 Wash. C. C. R. 26, 28; 9 Wheat. 680, 702, et seq). All these cases agree that it can make no difference whether the surety be ultimately benefited or injured by the departure. It is enough that he may be injured. This is no more than giving him the right of every other man, to fix the terms on which he will contract originally, and to insist throughout that his rights shall not be varied without his own consent. The principle on which the cases proceed, both at law and in equity, for the rule is the same in both, are very ably expounded by Lord Eldon, in Samuel v. Howarth (3 Meriv. 272, 277 to 279, Lond. ed).
Judgment for the defendant.