## NEWCOMB *vs.* RAYNOR and others.

Where there are three consecutive endorsers to a promissory note, the *release* by the plaintiff of the *first endorser*, is a bar to an action against the *second* and *third* endorsers.

RELEASE of parties. The plaintiff declared in assumpsit on the money counts against *Richard Raynor, Willett Raynor* and *Josiah Wright*, attaching to the declaration a copy of a promissory note, with notice that the same would be given in evidence under the money counts *according to the statute*. The note, of which a copy was given, purported to be made by *Richard Raynor* for $500, payable to *Charles Goings* or order, and endorsed by the *payee*, and by *Willett Raynor* and *Josiah Wright*. The defendants pleaded the *general issue*, and the cause was noticed for trial. At the circuit *Willett Raynor* and *Josiah Wright* interposed a plea of *puis darrein continuance*, that on, &c. at, &c. the plaintiff by a *release* under *seal* discharged *Charles Goings* from all liability as endorser of the note. Wherefore they prayed judgment if the plaintiff ought *further* to have or maintain his action, &c. To this plea the plaintiff *demurred*.

*B. Davis Noxen,* for the plaintiff.

*M. T. Reynolds,* for the defendants.

*By the Court,* NELSON, Ch. J. I am of opinion the plea constitutes a good bar to the action. As between the *first* and *subsequent* endorsers, the former must be regarded in the light of *principal;* he stands behind them upon the paper, and is bound to take it up, in case of default of the maker. A discharge of him, therefore, by the holder (regarding the relative position of the parties,) on general principles, operates to release them.

It is said their rights are not prejudiced, as they may still resort to an action against him if subjected to the payment

of the note, as the release leaves the implied contract existing between the *first* and *subsequent* endorsers unimpaired. Conceding this to be so, to permit a recovery against the defendants would but lead to an unnecessary circuity of action. The plea shows a discharge for a presumed good consideration (as it is under seal) of the first endorser, and it cannot be doubted as the case stands, that if the defendants should be obliged to call upon him, the plaintiff would be bound to take his place. The case, therefore, comes within the familiar rule, that a release of the principal operates to discharge the surety.

It is further said, that Goings may not have been legally charged as an endorser. If this were so, the plaintiff should have replied the fact, as we will not presume it in the face of the acts of both him and the plaintiff to the contrary. The release would not have been necessary on such a supposition.

Judgment for defendants on demurrer; leave to amend on usual terms.