Mr. Justice Clayton
delivered the opinion of the court.
The sole question in this case is, whether the failure of the plaintiff in an execution at law, to have the judgment upon a forfeited forthcoming bond, enrolled according to the statute, *470 discharges the surety in the bond, when such failure lets in the lien of younger judgments, which take all the property of the principal.
In the case of Johnson v. The Planters’ Bank, 4 S. & M. 171, this court held, that “if a creditor, who holds a note against a principal and sureties, fails after the death of the principal to present it to the administrator, within the time prescribed by law, the sureties are not thereby discharged.” Forbearance or mere passiveness on the part of the creditor will not release the surety; but he must do no positive act which would increase the hazard of the surety. The same principle was affirmed in Cohea et al. v. Com. Sinking Fund, 7 S. & M. 441; and again in Caruthers v. Dean, 11 S. & M. 178.
This doctrine fully covers the present case, and takes away all claim of the complainant to relief. If he had applied to the creditor to enrol the judgment, the case might have been different, though even that may be doubtful. But where both parties are equally negligent, the surety has no right to throw the loss upon the .creditor. The very reason of taking security, is the unwillingness of the creditor to trust to the principal debtor alone.
The order dissolving the injunction is affirmed, and the cause remanded.
Decree affirmed.