Mr. Justice Thacher
delivered the opinion of the court.
John T. McGee filed his bill in chancery in the Holmes county circuit court. He charges, that in November, 1844, Metcalf & Fuller recovered a judgment for $362'24 against Cook, and that in consequence of his uniting with Cook in the *536 execution of a forthcoming bond, and its subsequent forfeiture, a judgment was rendered by operation of law against said Cook and himself in April, 1845 ; that at this juncture Cook was possessed of ample means to respond to this as well as all other judgments against him, but that by direction of Fultz and Brooke, the attorneys at law of Metcalf & Fuller in said action against Cook, the execution emanating upon the forthcoming bond was directed to be indefinitely held up in consideration of a sum of money, or something else, paid to them, and which suspension of the execution was ordered without his knowledge or consent; that after the judgment upon the forfeited bond, other judgments were obtained against Cook, but that neither Metcalf & Fuller, nor their attorneys nor agents, procured the judgment upon the bond to be enrolled until the 24th day of November, 1846, by which time judgment against Cook, obtained after Metcalf & Fuller’s first judgment against him, and enrolled before theirs, had exhausted in their satisfaction all of Cook’s property, leaving nothing to respond the judgment upon the forfeited bond; and that Metcalf & Fuller are now pressing another execution, in the hands of Swann, sheriff of the county, who threatens to levy the same upon the complainant’s property. The bill makes Metcalf & Fuller and Swann parties, and prays for a perpetual injunction against the enforcement of the judgment upon the forfeited forthcoming bond.
Fuller voluntarily came in and filed his answer to the bill. He denies that Fultz and Brooke directed a suspension of the execution against Cook by order either of Metcalf or himself, or with their consent, and that, as he is informed, was only so held up to enable Cook to take time to pay it; that no consideration for such suspension was given them by Cook or any one else, and that the allegation of the bill, that the same was ordered in consequence of the payment of a consideration to Fultz and Brooke, as he is informed by Brooke, is unqualifiedly false. The answer adds, that the firm of Metcalf & Fuller had been dissolved recently, and that the respondent holds a power of attorney from Metcalf, authorizing him to settle all the affairs of the firm. To the answer is appended the affidavit of Fuller, *537 certifying that Metcalf has removed from New York to one of the western states, but which is unknown to him, and that Metcalf is entirely unacquainted with the matters set up in the complainant’s bill.
Upon the bill and Fuller’s answer, and without service upon Metcalf or Swann, the circuit court, upon motion, decreed the injunction to be dissolved.
The answer of Fuller was sworn to in New York in September, 1847, and the circuit court decreed in June, 1848. The record does not exhibit any irregularity in the proceedings of that court.
In Newell and Pierce v. Hamer et al., 4 How. 692, it was held, that among the things necessary to constitute an agreement for extending the time of payment, which shall be sufficient to discharge the surety, are a consideration for the extension, and a definite, period of extension. Now, without relying upon the matter of consideration, which, however, is positively sworn not to have passed either between Cook and Metcalf & Fuller, or Cook and Fultz and Brooke, the bill does not allege that any positively defined period was agreed upon for the suspension of execution; the direction to the sheriff was, “ Not to execute the execution until ordered to do so.” The time being indefinite, the stay could have been arrested at any time that the surety requested it to be done. Such delay as this has been frequently held not to prejudice a surety. Wade v. Staunton, 5 How. 631; Melton v. Howard, 7 Ib. 103; Johnson v. Planters' Bank, 4 S. & M. 165; Payne v. Commercial Bank of Natchez, 6 Ib, 24; Haynes v. Covington, 9 Ib. 470; Baine v. Williams, 10 Ib. 113; Union Bank of Tennessee v. Govan, Ib. 333.
In the case of Pickens v. Finney et al., [ante, 468,] decided at this term of the court, the question was, whether the failure of the plaintiff in an execution at law, to have the judgment upon a forfeited forthcoming bond enrolled according to the statute, discharges the surety in >theffiond, when such failure lets in the lien of younger judgments, which take all the principal’s property. By analogy to the principle decided in Johnson v. The Planters’ Bank, 4 S. & M. 171, and Cohea et al. v. Com. Sinking Fund, *538 7 Ib. 441, we then held, that the surety was not thereby discharged. These cases cover that point as it is made in this case.
From the foregoing, it follows, that the circuit court might have decreed the dissolution of the injunction, even for want of equity upon the face of the bill.
The decree is affirmed.