Gardiner, J.
 

 -If the endorser of negotiable paper for value, in the ordinary course of business, is a surety for the maker, or acceptor, the judgment of the common pleas is erroneous, and should be reversed. This is the sole question in the cause.
 

 In a variety of cases, and in books of undoubted authority, we find it said that drawers and endorsers are in the “ light of sureties, in the nature of sureties,” &c. (3
 
 Kent’s Com.
 
 112
 
 marginal paging;
 
 21
 
 Wend.
 
 504; 4
 
 Hill,
 
 216; 4
 
 Bingham,
 
 717; 9
 
 Cowen,
 
 264.) But we have been referred to no adjudication, nor have I been able to find one, in which it has been held, that they are sureties in fact. The case of
 
 Hurd
 
 v.
 
 Little,
 
 (12
 
 Mass. R.
 
 503,) is in principle directly in point, to show that they do not sustain that relation. The plaintiff was the holder of a foreign bill of exchange, which was protested for nonacceptance. The plaintiff then took security of the drawer, (the party primarily liable,) which he subsequently gave up,
 
 *354
 
 relying upon assurances, that the bill would be paid by the drawee. It was not paid, and this suit was brought against the
 
 endorser.
 
 The court said that as he had only taken further security, without giving
 
 new credit,
 
 the endorsee was not dis- , charged.
 
 Pring
 
 v.
 
 Clarkson,
 
 (1
 
 B. & Cr.
 
 14,) is to the same effect. There a new bill was taken from the acceptors, discounted, and the proceeds were more than sufficient to discharge the first draft, which was afterwards endorsed to the plaintiff for value. Held to be collateral security; and as there was no agreement to give time, the drawer was liable. C. J. Abbott said that in no case had it been held, that taking a collateral security from the acceptor, should have the effect to discharge the other parties to the bill.
 

 The authorities to which we have been referred, only deter mine that the holder of a bill, or note, cannot deal with the maker or acceptor, in such a way as to deprive the drawer or endorser of any remedy he may have upon the instrument. They cannot discharge the party primarily liable, and then sue the endorser, because the latter would in this way be deprived of his remedy over. They cannot extend the time, without the assent of the drawer, or endorser, for this would change their contract. (9
 
 Cowen, sup. and cases there cited; Chit, on Bills,
 
 410.) The same is true of sureties. But these rights, or restrictions, • upon the power of the holder of the paper are by no means peculiar to them. The holder cannot release one of the joint makers of a note, without discharging all,
 
 (Chit, on Bills,
 
 314,) and no man’s contract can be altered without his assent, be he maker or endorser.
 

 When an individual becomes party to a note or bill, at the request and for the benefit of another, the relation of principal and surety exists, and must be regarded by all other parties or holders, affected with notice. (21
 
 Wend.
 
 504.) The adoption of this rule, has been regretted by judges in England and in this-country, but it is established here, and can only be changed by legislation. (3
 
 Camp.
 
 362.) We are not inclined to extend the doctrine beyona the cases to which it has been restricted. In this case, the note was endorsed fo: a consideration received
 
 *355
 
 by the endorser, and for his own benefit, exclusively, without reference to the wishes or convenience of the maker.
 

 We think, therefore, that he was not a surety for the maker, in any such sense as would entitle him to an account, from the holder of these notes, for the value of a collateral security, taken by him from the maker, on his own account, and subsequently surrendered in good faith, and without payment. The judgment must be affirmed.
 

 Judgment affirmed.