### BAKER *vs.* MORRIS and LAW.

Serving a notice of protest according to the direction given by an indorser, although in a manner different from the mode prescribed by law in the absence of any direction, is sufficient.

Where the indorser of a note added to the indorsement of his name thereon, the word and letters "Auburn P. O."; *Held* that he thereby directed notice of non-payment to be served upon him by depositing it in that post office, although he was a resident of that city, which was also the place of payment. And that he was fixed by leaving a notice at the post office in Auburn, addressed to him there.

In order to charge a subsequent indorser, it is not necessary for the holder to give notice of non-payment, to the prior indorser. It belongs to each party to a note or bill to give notice, or to see that notice is given to all prior parties to whom he would resort in case it should be necessary.

APPEAL from a judgment entered at a special term. The action was brought to recover the amount of a promissory note for $50, and interest thereon, made by one Cyrenus Holmes, and indorsed by the defendant Morris, one John S. Clary, agent for C. Holmes, and by the defendant Law. The defendants Law and Morris, only, were sued. Among other matters, they set up in their answer, that the note was not properly protested for non-payment, and that due notice of protest was not served on the defendant Morris, and was not waived, and that Morris being the first indorser, he and Law, and each of them, were released from all liability on said note.

The action was tried at the Cayuga circuit in February, 1857, before Hon. HENRY WELLES, justice, a jury having been waived by the parties. Upon the trial the defendants admitted the execution of the promissory note by Cyrenus Holmes, and the indorsement of the same by the defendants in this action, and by one John Clary as agent. That the defendant Morris was the payee in the note and first indorser, John Clary as agent, second indorser, and the said James Law third indorser. That the note, when it became due, was duly presented at the place of payment therein named for payment, and payment demanded, which was refused, and that the same was thereupon protested. That due notice thereof was served on the defendants Law and Clary, and that the only service of such notice upon

Baker *v.* Morris.

the defendant Morris, was by depositing the same in the post office in the city of Auburn, duly directed to him at Auburn aforesaid. That said Morris was a householder, and kept an office in said city of Auburn, from before the making of the note until the time of the trial. That under the signature of the defendant Morris were the word and letters, "Auburn, P. O." in the handwriting of Morris. That the indorsers were each merely accommodation indorsers. That the note was payable at, and protested at, the Cayuga County Bank in said city of Auburn. The counsel for the defendants, after the close of the proofs, insisted that the plaintiff was not entitled to recover against the defendants, or either of them, because, 1st. It appeared that Morris was the payee and first indorser, and that the notice of protest was not served on him as required, to render him liable as an indorser. 2d. That Morris being first indorser, it was necessary, in order to charge the subsequent indorser Law, that due notice of the protest be duly served on Morris, and that the omission so to serve notice on Morris discharged Law from liability as indorser on said note.

The court decided the said points raised by the defendants' counsel, and each of them, against the defendants, and ordered judgment for the plaintiff, for the amount of the note, and interest and fees of protest.

*John P. Hulbert*, for the appellants.

*John Porter*, for the respondent.

*By the Court*, T. R. STRONG, J. The place of payment of the note, and residence of the indorser, being the city of Auburn, it was necessary, in order to charge the indorser, that notice to him of the non-payment of the note, should be personal, or left at his dwelling house or place of business; unless by his adding to the indorsement of his name on the note, the word and letters, "Auburn P. O." he directed notice to be served upon him by depositing it in that post office. The service of notice according to the direction of an indorser, al-

though different from the mode prescribed by law in the absence of such a direction, is sufficient. (*Shelton* v. *Braithwait*, 8 *M. & Wels.* 252.) Some purpose must have been intended by the addition, in this case, to the blank indorsement; and I cannot conceive of any other than to designate the mode of giving notice of dishonor by the maker. The statute, (*Laws of* 1835, *p.* 152, § 1,) declaring that when notice of non-acceptance of a bill, or non-payment of a bill or note, or other negotiable instrument, may be given by mail, it shall be sufficient if it be directed to the city or town where the person sought to be charged resided when the paper was drawn, "unless such person, at the time of affixing his signature to such bill or note, or other negotiable instrument, shall, in addition thereto, specify thereon the post office to which he may require the notice to be addressed," recognizes a specification of a post office in addition to the signature of an indorser or acceptor, as a direction that notice may be directed to that post office. That statute does not embrace this case, as the case is not one where notice might, independent of such a specification, be given by mail; but it is applicable, and entitled to great force, upon the point as to the legitimate effect of the addition in question.

I think the indorser was fixed by leaving the notice at the post office in Auburn.

It was not necessary for the holder, in order to charge the subsequent indorser, to give notice of non-payment to the prior indorser; it belongs to each party to a note or bill, to give notice, or to see that notice is given, to all prior parties to whom he would resort in case it should be necessary. (*Chit. on Bills,* Barb. ed. 530. *Morgan* v. *Woodworth,* 3 *Johns. Cases,* 89. 3 *Kent's Com.* 105, 108.)

The judgment must therefore be affirmed.

[Monroe General Term, September 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]