GREENE & Co. v. THOMPSON.

1. Promissory note: GUARANTOR: DEMAND AND NOTICE. In order to hold a guarantor of a promissory note under the rules of the common law, he must, within a reasonable time, have been notified of demand upon and non-payment of the maker.

2. —— As to what constitutes reasonable notice depends upon the facts of each case; and if it appears that the guarantor, as to his remedy against the maker, suffered no injury from delay in giving the notice, he will not be absolved from liability.

3. —— A guarantor is not entitled to the same notice as an indorser. It is accordingly *held*, that he cannot urge, as a defense, that he was not notified in time to enable him to notify and hold prior indorsers from or under whom he acquired the note.

*Appeal from Mahaska Circuit Court.*

FRIDAY, JANUARY 26.

ACTION against defendant as the guarantor of a promissory note. Trial to the court without a jury, and judgment for plaintiff. Defendant appeals.

*Z. T. Fisher* for the appellant.

*Lacy & Shepherd* for the appellees.

BECK, J. — The note, of which defendant is a guarantor, by a writing indorsed thereon, fell due August 25, 1869. Plaintiffs, being the holders, on the 17th day of November following, gave notice of non-payment to defendant, and, on the 18th day of December, brought suit against defendant on the guaranty. When suit was brought, the makers of the note were solvent, and had property subject to execution sufficient to pay the note. Two prior indorsers, under whom the defendant had acquired the note previous to his transfer to plaintiff, are solvent; from them the note may

be collected if they are liable thereon.  This statement is substantially drawn from the findings of facts appearing in the record, from which it also appears, in the language of the court, that " soon after suit was brought, defendant Steen (one of the makers) sold all of his property, and about the same time Bartlett (another maker) removed from the county, but within a few months, and when last heard from, had property not exempt from execution sufficient to satisfy the debt."

But one question is presented and discussed by counsel. It is this: Is defendant relieved from liability because timely notice of non-payment by the makers was not given to him?

I. Under our statute (Rev., §§ 1800, 1801) the blank indorsement of an instrument by one not a payee, indorsee or assignee thereof, is deemed a guaranty, and the guarantor, to be charged, must have reasonable notice. But he is chargeable without notice if the holder show affirmatively that he has received no detriment from the want of notice. The contract sued on in this case does not come within the provisions of this statute, as it was not executed in blank, and is by one who is an indorsee of the note. It must be enforced under the rules of the common law, which require the guarantor to be notified, within a reasonable time, of the non-payment of the maker. He will be discharged if he can show actual loss sustained by reason of want of presentment, demand and notice. 2 Parsons' Notes and Bills, 137, 139 ; 1 Parsons' Contracts, 514.

The reasonable notice required depends upon the facts of each case. No time is prescribed by the law which will be so considered. It may be greater or less in different cases.

It appears, from the finding of facts by the court, that defendant, as to his remedy against the makers of the note, suffered no injury from delay in the notice to him of non-payment. When this suit was instituted, in truth

shortly before the trial, the makers were solvent, and the guarantor could have collected the amount of the note from them. Indeed, the record fails to show that at any time after notice to him the guarantor could not have enforced the collection of the note against the makers.

II. It is claimed that defendant has suffered detriment because he was not notified of the non-payment of the note in time to enable him to give notice to two indorsers, under whom he had acquired the note, who were thereby discharged from liability, and defendant is therefore prevented seeking redress of them. The theory of defendant is, that the notice to him should have been at a time to enable him to notify the indorsers so that they would have been bound upon their indorsement. This position is evidently not tenable. The other members of the court answer this objection by the consideration of the fact that the makers of the note were solvent when notice of non-payment was given the defendant. They hold that as the note could have been collected from the makers the defendant suffered no actual loss. By enforcing his remedy against them he could have protected himself. He cannot, therefore, complain because they are released. In my opinion this view does not fully meet the objection of defendant's counsel. He insists that, as plaintiffs were bound to give the indorsers notice, the failure so to do is a detriment to defendant by diminishing his security and depriving him of his right to an action against the indorsers. In my opinion this position is completely answered by the following argument:

The notice to an indorser must be forwarded or given to him the next day after dishonor of the note. If defendant's views are correct he was, therefore, entitled to the same notice required to be given to an indorser. We find this doctrine nowhere sustained by the authorities.

It is true that a guarantor to whom paper is indorsed by another may be defeated of his recourse upon the indorser

by the failure of the holder to give immediate notice of non-payment. But detriment, resulting therefrom, will not release him from liability upon his guaranty. That contract imposed no obligation upon the holder of the paper to exercise the diligence which the contract of indorsement requires. The guarantor has not, therefore, the same protection that is extended to the indorser. As there rests no obligation upon the holder of the note, when he seeks to charge the guarantor only, to give such timely notice as will bind an indorser, the guarantor cannot be relieved if it is not done. Any detriment he may thereby suffer, the law presumes he assented to assume by entering into a contract which provides no protection against it. We have been referred to no authority by defendant's counsel which support the doctrine he advocates. Those cited by him fail to sustain his position.

The following considerations support the position we have just announced. The contract of guaranty is defined to be " an undertaking by some one that another shall perform his contract or fulfill his obligation, or if he does not the guarantor will do this for him." 2 Parsons on Bills and Notes, 117.

Now, in this case, what party did the guarantor undertake should fulfill the contract? I reply the makers of the note. The contract of guaranty in this case is not that the indorsers thereon shall perform their contracts. It is simply for the payment of the note and not for the performance of any collateral contract relating thereto as that of indorsement. The guarantor became bound that the makers would pay the note, and in default thereof became liable on his contract. Now, as the guarantor is not bound for the performance of the contract of indorsement by the indorser, it is very plain that he suffers no detriment if recourse be lost against the indorser. As he does not become liable by his contract for the default of the

indorser, he cannot complain if the indorser be released by the negligence of the holder.

III. An objection founded upon the alleged fact that the guaranty was not stamped is urged in this court. It was not made in the court below at any stage of the proceedings, either to the admission in evidence of the instrument sued on, or to the rendition of judgment thereon. It cannot now be urged here.

Affirmed.