THEODORE M. DAVIS, as Receiver, etc., Respondent, *v.* CHARLES W. COPELAND, Appellant.

Defendant executed a bond, "to be binding for one year only from date," conditioned that G. would pay within five days after maturity any paper discounted by plaintiff for him. In an action upon the bond, *held* (CHURCH, Ch. J., dissenting), that the limitation as to time related to the time when paper was discounted, not when it matured; and that under it defendant was liable for paper discounted within the year, but not maturing until after its expiration.

(Argued September 27, 1876; decided October 6, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This was an action by plaintiff, as receiver of the Ocean National Bank, upon a bond executed by defendant, of which the following is a copy:

"Whereas, W. F. Gleason has opened an account in the Ocean National Bank, and will offer notes and acceptances there for discount;

"Now, then, I, the undersigned, Charles W. Copeland, am held and firmly bound unto said Ocean National Bank in the sum of $2,000, in money of the United States, to be to them, their successors and assigns, well and truly paid, for which payment well and truly to be made, I do bind myself, my heirs, executors, administrators and assigns, firmly by these presents, sealed with my seal, and dated the 15th day of December, 1870.

"The condition of the above obligation is such, that if the said W. F. Gleason shall well and truly take up and pay within five days after maturity thereof any paper discounted for his account in said bank, together with interest and costs of protest and expenses thereon, and shall within the same time make good any and all checks certified for or paid by said

bank for him, and shall save said bank harmless from all damage by reason of his having an account therein, this bond shall be void, otherwise in full force and virtue. This bond to be binding for one year only from date.

[L. S.]                    " CHARLES W. COPELAND."

Sometime prior to the expiration of the year said bank discounted for Gleason a bill of exchange for $2,000 and a promissory note for $1,500, both of which were payable after the expiration of the year, and were not paid at or within five days after maturity. The referee directed judgment for the penalty of the bond.

*Joseph J. Marrin* for the appellant.

*George E. Sibley* for the respondent. The bond applied to paper discounted within the year. (*Hamilton* v. *Van Rensselaer*, 43 N. Y., 244; *Schultz* v. *Crane*, 6 Hun, 236; *Clark* v. *Burdett*, 2 Hall, 197; *L. Mfg. Co.* v. *Welch*, 10 How. [U. S.], 461; *Bell* v. *Bruen*, 1 id., 169.) The words of the bond are to be taken as strongly against the guarantor as the sense will admit. (*Mason* v. *Pritchard*, 12 East, 227; *Drummond* v. *Prestman*, 12 Wheat., 515; *Douglas* v. *Reynolds*, 7 Pet., 113; *Lawrence* v. *McCalmont*, 2 How. [U. S.], 426; *Mayor* v. *Isaacs*, 6 M. &. W., 605; *Lee* v. *Dick*, 10 Pet., 482; *Mauran* v. *Ballus*, 16 Pet., 528; *Melville* v. *Hayden*, 3 B. & Ald., 593.

MILLER, J. The object of the bond in suit evidently was to provide for Gleason a credit at the bank on account of paper discounted for his benefit and checks certified for or paid by the bank for him, and it should be construed having in view the purpose which it was designed to promote. A strict interpretation would limit the liability of the defendant to a single year, while as a specialty it was obligatory for twenty years. This is not claimed, however, and the limitation that it was to be binding one year only from date, evi-

dently did not relate to the time when the paper discounted might mature, but to the time when it was discounted and to the certification and payment of checks within the period named.   It is apparent that to this extent the indemnity was intended to be given and was so understood by Gleason, the bank and the defendant.   Gleason desired accommodation at the bank during the year, and the bank was willing to extend it to him for that period upon the strength of the guaranty contained in the bond executed by the defendant.   If the accommodation was limited to such paper only as became due during the year, the benefits to be derived from the same would be restricted to a very narrow compass and would confer comparatively but little advantage.   All paper becoming due after the expiration of the year would be excluded as beyond the terms of the guaranty, and it is unreasonable to suppose that it was the intention of the parties thus to circumscribe and limit the effect of the bond.   In fact, it would be contrary to the ordinary course of business, in dealings of this character, to assume that any thing else was intended than to fix a period within which the transactions of the parties were to take place without regard to any other matter, and no other construction is to be implied unless the language employed is such as to be susceptible of no other interpretation.   It should, therefore, in contemplation of the facts, be construed as if the bond contained the words "paper discounted and checks certified or paid" after the word "for," and thus referred expressly to the paper which the bond was intended to secure and the dealings which Gleason was to have with the bank, or any transactions of this character. Regarded in this light the defendant was liable and the recovery can be upheld.

No other question arises which demands comment, and the judgment should be affirmed, with costs.

All concur, except CHURCH, Ch. J., dissenting.

Judgment affirmed.