would be, distributing them upon this principle. The judgment, therefore, so far as it is based on the idea that only $254.23 of the plaintiffs city taxes have been paid, is erroneous, and we therefore reverse the judgment, so far as the application of the $2,500, paid to the tax receiver, is concerned, and order a new trial for the purpose of readjusting the application of the payment in accordance with the principle, above stated, by dividing it *pro rata* amongst the lands for which Munroe acted as agent, excluding those owned by him.

The judgment should be reversed, a new trial ordered, with costs of the appeal to abide the final award of costs in the action.

SMITH and HARDIN, JJ., concurred.

Ordered accordingly.

---

SOLOMON DECK, APPELLANT, *v.* LEONIDAS WORKS, RESPONDENT.

*Guaranty — when unconditional — what does not release a guarantor — when he does not stand in the position of a surety.*

A promissory note made by Huber and Austin to the order of, and indorsed and transferred by one Rutherford to the defendant, was sold by the latter to the plaintiff for a valuable consideration, the defendant at the time of the sale guaranteeing the payment thereof. The note was not protested for non-payment, nor was any notice thereof given to the indorser. The makers of the note were insolvent, but the indorser was good.

*Held,* that the fact that the indorser was discharged, by the failure of the plaintiff to notify him, did not relieve the defendant from his liability on his guaranty.

The principle that the surrender by a creditor to the principal debtor of collateral security held by the former, releases a surety for the same debt, has no application to such a case.

APPEAL from a judgment dismissing the complaint herein, entered upon the trial of this action by the court, without a jury.

*J. F. Parkhurst,* for the appellant. Guaranties are governed by the same rules of construction as other contracts. (*Mason* v. *Pritch-*

*ard*, 15 East, 227; *Mayer* v. *Isaac*, 6 P. & W., 610; *Drummond* v. *Prestman*, 12 Wheat., 518; Fell on Guaranties [2d ed.], 130; *Farmers and Mechanics' Bank* v. *Evans*, 4 Barb., 488; *Whitney* v. *Groot*, 24 Wend., 82; *Walrath* v. *Thompson*, 4 Hill, 200; *Christ* v. *Burlingame*, 62 Barb., 357; *Winchell* v. *Doty*, 15 Hun, 2.) No case can be found where our courts have imposed any duty upon the holder of the guarantied obligation, which was not expressly stipulated for in the written contract. (*Wright* v. *Johnson*, 8 Wend., 512; *Hunt* v. *Smith*, 17 id., 179; *Dobbins* v. *Bradley*, 17 id., 422; *Walrath* v. *Thompson*, 6 Hill, 240; 2 Comst., 185; *Morris* v. *Wadsworth*, 11 Wend., 100; *S. C.*, 17 id., 103; *Compston* v. *McNair*, 1 id., 457; 3 Daniels on Neg. Inst., 648; *Allen* v. *Rightmire*, 20 Johns., 365; *Dickerson* v. *Dickerson*, 39 Ill., 575; *Arants* v. *Commonwealth*, 18 Grat., 770; *Craig* v. *Parkis*, 40 N. Y.; 1 Hand, 188, and cases cited; *Burt* v. *Horner*, 5 Barb., 501; *Newell* v. *Fowler*, 23 id., 632; *Douglass* v. *Howland*, 23 Wend., 35; *Williams* v. *Granger*, 5 Day, 444, S. P.; *Somersal* v. *Bamerly*, Cro-Jac., 287; *Atkins and Wolfe's Case*, 1 Leon, 105; *Pitman* v. *Biddlecome*, 4 Mod. R., 230; *Smith* v. *Goff*, 11 id., 48; *Brookbank* v. *Taylor*, Cro-Jac., 605; *Warrington* v. *Furbor*, 8 East, 242; Brandt on Suretyship, etc., §§ 170, 171; *Simmons* v. *State*, 36 N. H., 73; Edwards on Bills, 243; *Breed* v. *Hillhouse*, 7 Conn., 523; 6 Bar. & Cres., 373; *Read* v. *Curtis*, 7 Greenl., 186.) The mere passive omission to charge the indorser was not the release of a security. The rule refers only to the release, by the voluntary act of the creditor, of property held as security for the debt. (*Glazier* v. *Douglass*, 32 Conn., 393; Brandt on Suretyship, § 374; *Newcomb* v. *Raynor et al.*, 21 Wend., 108; *Morgen* v. *Woodworth*, 3 John., 89; *Humphrey* v. *Hill*, 6 Grat., 509; *Lenox* v. *Prout*, 3 Wheat., 520; *Commonwealth* v. *Haas*, 16 S. & R., 252; *Farmers' Bank* v. *Reynolds*, 13 Ohio, 84; *Mayhew* v. *Boyd*, 5 Md., 102; 1 Parsons N. & B., 242; *Board of Supervisors* v. *Otis et al.*, 62 N. Y., 88; overruling *People* v. *Janson*, 7 John., 332; *Dye* v. *Dye*, 20 Ohio, 86, and cases cited; *Wells* v. *Mann*, 45 N. Y., 327; *Sterling* v. *Marietta Co.*, 11 Serg. & Rawl., 179; *Hubbell* v. *Carpenter et al.*, 5 Barb., 520; *Freeman's Bank* v. *Rollins*, 13 Maine, 202; *Powell* v. *Waters*, 17 John., 176; Daniels on Neg. Inst., § 1326; *Willson* v. *Tebbetts*,

29 Ark., 579; *Villars* v. *Palmer*, 67 Ill., 204; *Philbrook* v. *McEwen*, 16 Ind., 347; *Hayes* v. *Ward*, 4 Johns. Ch., 132; *King* v. *Baldwin*, 2 id., 562; *Pickens* v. *Finney*, 20 Miss., 468; *McGee* v. *Metcalf*, 20 id., 535.) The rule that a surety is discharged, if the creditor release a security upon property of the principal debtor, does not apply to a guarantor for value. (*Pitts* v. *Congdon*, 2 N. Y., 352; *Wells* v. *Mann*, 45 id., 330; *Colgrove* v. *Tallman*, 67 id., 99; *Hurd* v. *Little*, 12 Mass., 503; *Brown* v. *Curtis*, 2 N. Y., 225; *Leonard* v. *Vredenburgh*, 8 John., 38; *Johnson* v. *Gilbert*, 4 Hill, 178; *Fowler* v. *Clearwater*, 35 Barb., 143; *Cardell* v. *McNeill*, 21 N. Y., 340; *Mallory* v. *Gillett*, 21 id., 418; *Nelson* v. *Boynton*, 3 Metc., 396.)

*Wm. Rumsey*, for the respondent. The defendant was discharged from liability upon his guaranty by reason of the failure of the plaintiff to give the indorser notice of non-payment, and his consequent discharge from liability as indorser. (*Washington Bank* v. *Shurtleff*, 4 Metc., 30, 32; *Turnure* v. *Hohenthal*, 4 J. & S., 79; 2 Parsons on N. & B., 117 [note], 134; Brandt on Guaranty, etc., § 1; *Brown* v. *Curtiss*, 2 N. Y., 225, 228; *Ten Eyck* v. *Brown*, 3 Pinney, 452, 454; *S. C.*, 4 Chandler, 151; *Mallory* v. *Lyman*, 3 Pinney, 443; *S. C.*, 4 Chandler, 143; 2 Daniel on Negotiable Instruments, §§ 1752, 1753; *Union Bank* v. *Coster*, 1 Sandf. S. C., 563; 3 Kent, 123, 124; 2 Daniel on Negotiable Instruments, § 1753; *Brewster* v. *Silence*, 4 Seld., 207, 215.)

TALCOTT, P. J.:

This is an appeal from a judgment rendered at the Steuben circuit, in an action tried by the court, a jury having been waived.

The action was brought upon a guaranty of the payment of a note, which was written by the defendant upon the back of a note made by Huber and Austin, and dated April 18, 1874, whereby they promised to pay to the order of Spencer Rutherford $150, "at my house in Troupsburgh," for value received, with interest, payable sixteen months after date. Afterwards, and before the note matured, it was for value received, indorsed by Spencer Rutherford, and delivered to the defendant, who, on the 10th of

July, 1875, executed the guaranty, which was in the following words :

"For value received, I guaranty the payment of the within note.

"Dated July 10, 1875.

"L. WORKS."

And thereupon the said defendant, Works, sold and transferred the said note to the plaintiff for a valuable consideration at the time paid to the defendant by the plaintiff.

When the note became due, payment thereof was duly demanded of the makers, but it was not paid. No notice of protest or of the non-payment of the note was given to Spencer Rutherford, the indorser, or to the defendant, and the defendant was not informed of the non-payment of the note for three months after its maturity. At the time of the maturity of the note the makers were, and still are, insolvent. Rutherford, the indorser, then was and still is solvent, but by reason of the failure to give him notice of the demand and refusal to pay the note, Rutherford claims that he has been discharged as indorser. And the defendant, by reason of the omission to notify said Rutherford of the presentation and non-payment of the note, has lost all remedy as against said Rutherford, and has been thereby damnified, and the court found, as a conclusion of law, that by the discharge of Rutherford and the consequent injury to the defendant, the defendant has been discharged from his liability as a guarantor of the payment of the said note, and ordered a judgment for the defendant.

So the question is presented in the case whether, under such circumstances, the omission by the holder of the guaranty of payment has lost his claim upon the guarantor, by the omission to give a prior indorser notice of the demand of payment on the makers and their refusal.

As singular as it may appear, we have been able to find no case amongst the reported cases in this State, and have, by the elaborate briefs of the respective counsel, been referred to none, in which the precise point raised in this case has been decided.

In *Brown* v. *Curtiss* (2 N. Y., 225), it was held that where one contracts in the form of a guaranty of payment upon the back of a promissory note, he cannot be made liable as indorser, nor can

he set up in his defence the want of demand and notice, and that the mere neglect of the holder to sue the maker does not discharge the guarantor, although the maker becomes insolvent, intermediate the maturity of the note and the action against the guarantor.

BRONSON, J., who delivered one of the opinions in that case, says : " The undertaking of the defendant was not conditional like that of an indorser, nor was it on any condition whatever. It was an absolute agreement that the note should be paid by the maker at maturity. When the maker failed to pay, the defendant's contract was broken, and the plaintiff had a complete right of action against him. It was no part of the agreement that the plaintiff should give notice of the non-payment, nor that he should sue the maker or use any diligence to get the money from him. The cases in Massachusetts, Maine and Pennsylvania   *   *   * are not law in this State. With us proceedings against the maker are only necessary where there is a guaranty of collection."

In the same case, in the opinion of STRONG, J., it is said : " The direct engagement of the indorser of a negotiable note and of a guarantor of the payment of the note, whether negotiable or not, is the same. Both undertake that the maker will pay the amount when it shall become due. If there is a failure in such payment both contracts are broken. Ordinarily, upon the breach of a contract, the party bound for its performance immediately becomes liable for the consequent damages. In the case of the indorser of a negotiable promissory note, however, the liability does not become absolute, unless due notice of non-payment is given to the party whom it is intended to charge. That is not because the indorser has thus stipulated in terms, but it is a condition annexed by the rules of the commercial law. In the case of a guarantor there is nothing to exempt him from the ordinary liability of parties who have broken their contracts, which is direct and not conditional. No condition requiring notice of non-payment is inserted in the contract, nor is any inferred by any rule of law. The guarantor is bound to ascertain for himself whether his contract has been performed, and can easily obtain the requisite information from the party for whose conduct he has assumed the responsibility."

In the case of *Brown* v. *Curtiss* (*supra*) there was no prior

indorser, and BRONSON, J., in allusion to this fact, says : " If there had been an indorser on the note prior to the guaranty, and the plaintiff had allowed him to be discharged by *neglecting to demand payment and give him notice*, it may be that the defendant would have had a good answer to the action. *But it is not necessary to consider that question for there was no indorser.*"

But it will be perceived that both BRONSON and STRONG, JJ. put the principle upon which it was held that no notice to the guarantor of presentment and non-payment is necessary, in order to maintain the action against him, upon the ground that the contract of guaranty of payment is entirely unconditional, and in no manner qualified by any engagement, express or implied, imposing upon the holder of the guaranty the duty of any diligence whatever, in regard to a presentment for payment or notice of the non-payment. This being the principle upon which the decision rests, we do not see how any condition rendering it necessary for the holder of the guaranty to demand payment of the maker, and in case of non-payment to notify the indorser, can be interpolated in the contract, in order to hold the guarantor liable on his guaranty. No such duty was imposed by the terms of the written contract, which must be held to constitute the agreement between the parties. It is a settled rule that guaranties are to be construed like other written instruments, " the language of the contract must be construed according to the plain and obvious import." (*Whitney* v. *Groot*, 24 Wend., 82; *Walrath* v. *Thompson*, 4 Hill, 200; *Winchell* v. *Doty*, 15 Hun, 2.)

If the very *terms of the guaranty* do not necessarily imply that the liability of the guarantor is dependent upon the failure to obtain payment after proceedings at law against the principal, the suit at law is not necessary to bind him. (*Morris* v. *Wadsworth*, 11 Wend., 100; *S. C.*, 17 id., 103.)

Therefore, as no condition requiring presentment and notice of non-payment, or any diligence of whatever character, in order to save or protect the guarantor in any recourse against the indorser, in this case, is expressed, and no such condition is, as matter of law, implied, it would seem obvious that no such condition can be insisted upon to discharge the guarantor. In *Douglass* v. *Howland* (24 Wend., 35), it was held that " the doctrine of notice of non-per-

formance, applicable to negotiable paper, does not govern in the case of guaranties, when the guarantor undertakes absolutely that his principal shall perform. If it be intended that notice shall be given it *must be provided for in the contract*, otherwise the guarantor must inquire of his principal."

It may be considered that the guarantor of a note, on which there is a prior indorsement, undertakes for the performance of each contract which he has guaranteed, that of the maker and that of the indorser. If either fails to perform the contract which is guaranteed, a cause of action arises to the holder of the guaranty for such default, and if the guarantee was confined to the indorsement alone, it may be possible that in case of any neglect of the holder to see that the indorser was duly charged so as to make him liable by law, that the guarantor would be discharged thereby, but where the guaranty is as in this case, that the parties who are liable by two separate contracts, one absolutely as maker, the other conditionally, provided a due demand is made of the maker, and, if he refuses payment, notice to the indorser, then we see no reason why the holder of the guaranty may not maintain his action for a default in the performance of either contract guaranteed. This is not the case of a release of the liability of the indorser, in which case the guarantor might have reason to complain, but of a simple omission to charge the indorser by notice. If the holder *release* the first indorser, he cannot recover of the second indorser. (*Newcomb* v. *Raynor*, 21 Wend., 108.) But the holder may omit to charge the first indorser and yet recover against the second. *Baker* v. *Morris*, 25 Barb., 140; *Spencer* v. *Ballou*, 18 N. Y., 327.) On the whole, we think if the guarantor desired to have recourse to the indorser in this case, and desired that the holder of the guaranty should take the requisite steps to charge the indorser, he should have so provided in his contract, otherwise he must see to it himself that the indorser is duly notified of the non-payment of the note.

The case of *Loveland* v. *Shepard* (2 Hill, 139), upon the authority of which the justice at the circuit seems to have disposed of this case, was a guaranty of *collection*, in which case there was no breach of the guaranty, except upon a failure to collect after the exhaustion of all legal remedies, as provided for by the very

terms of the contract of guaranty, as such contracts have been construed by the courts.

In the case of *Greene & Co.* v. *Thompson* (33 Iowa, 293), the precise question in this case arose. It was there claimed that the defendant, a guarantor of payment, had suffered detriment because he was not notified of the non-payment of the note, the payment of which he had guaranteed, in time to enable him to give notice thereof to two indorsers, under whom he had acquired the note, who were thereby discharged from liability, and the following doctrine is laid down in that case. "As there rests no obligation on the holder of the note, when he seeks to charge the guarantor only, to give such notice as will bind an indorser, the guarantor cannot be relieved if it is not done. Any detriment he may thereby suffer, the law presumes he assented to assume, by entering into a contract which provides no protection against it."

There is another view of the case which may be taken which leads to the result that the guarantor, in this case, is liable upon his guaranty, notwithstanding the neglect of the holder to charge the indorser. The ground on which the defendants case seems to have been put at the circuit, and upon which it is sought to be maintained here, is upon the rules applicable to the case of principal and surety. The general rule, as well-settled is, that where a creditor relinquishes to a principal debtor other direct or collateral securities which he might have resorted to for the exhoneration of the surety, the surety is *pro tanto* discharged. (See case of *Ingalls* v. *Morgan*, 10 N. Y., 87.) If this principle had any application to the case of an absolute and unconditional undertaking, like a positive guaranty of payment at all events; yet it will be remembered that in this case it is expressly found that the defendant received a valuable consideration for his guaranty, and for this reason, if for no other, he was not in the condition of a surety for the performance of the contract of the indorser.

In *Pitts* v. *Congdon* (2 N. Y., 352), it was held that "where a creditor receives from his principal debtor collateral security of sufficient value to pay the debt, the surety is discharged if the security be surrendered without his consent. But where the holder of a promissory note indorses and transfers it *for value*, in the usual course of business, *he is not a surety* within the meaning of

this rule, and, therefore, he will not be discharged although the indorsee takes security from the maker and afterwards surrenders it without his consent."

In this case, therefore, the defendant cannot claim to have applied, the rule existing as between a creditor and a surety, for the reason that he transferred and guaranteed the note in question for a valuable consideration received by him from the plaintiff at the time, and as the consideration for the transfer and guarantee.

In view of the whole case, therefore, we think that the judge at the circuit erred in his conclusion, that the omission on the part of the plaintiff to charge the indorser, or to give notice of non-payment to the guarantor, in sufficient season to enable him to charge the indorser, had the effect to discharge the defendant from liability on his guaranty of payment.

The judgment should be reversed and a new trial ordered, costs to abide the event.

SMITH and HARDIN, JJ., concurred.

Judgment reversed and a new trial granted, costs to abide the event.

ROBERT L. DORR, RESPONDENT, v. THE DANSVILLE GAS-LIGHT COMPANY, APPELLANT.

*Action to restrain a nuisance and to recover damages — triable by a jury.*

An action to restrain the continuance of a nuisance, and to recover the damages occasioned by it, is triable by a jury, and cannot be tried by the court unless the parties consent thereto; especially is this so where the court refuses to restrain the further continuance of the alleged nuisance and only maintains the action for the purpose of giving the plaintiff damages.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

*Charles I. Bissell*, for the appellant.

*Robert L. Dorr*, for the respondent.